# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MINNESOTA

| | |
|---|---|
| **WING ENTERPRISES, INC.,** dba **LITTLE GIANT LADDER SYSTEMS**, a Utah corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>**TRICAM INDUSTRIES, INC.**, a Minnesota corporation,<br><br>    Defendant. | **COMPLAINT**<br><br>Case No. _____<br>Judge: _____<br><br>**Jury Demanded** |

Plaintiff Wing Enterprises, Inc., by and through its counsel, alleges and complains against Defendant Tricam Industries, Inc. as follows:

## THE PARTIES

1. Plaintiff Wing Enterprises, Inc., dba Little Giant Ladder Systems ("Little Giant" or "Plaintiff") is a Utah corporation having a place of business at 1198 N. Spring Creek Place, Springville, Utah 84663. Plaintiff sells unique, innovative, and patented ladder systems under the brand name Little Giant.

2. Upon information and belief, Defendant Tricam Industries, Inc., ("Tricam" or "Defendant") is a Minnesota corporation having a place of business at 7677 Equitable Drive, Eden Prairie, MN 55344. Upon information and belief, Defendant imports, uses, makes, sells, and offers for sale ladder systems under the brand name Gorilla Ladders throughout the United States, including this judicial district.

## JURISDICTION AND VENUE

3. This is an action for patent infringement under the United States Patent Act, specifically 35 U.S.C. § 271. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1338.

4. This Court has personal jurisdiction over Tricam because Tricam is a Minnesota corporation and resides in Minnesota.

5. Venue is proper in the District of Minnesota pursuant to 28 U.S.C. §§ 1391 and 1400.

## GENERAL ALLEGATIONS

### Little Giant's Products and Patented Technology

6. Little Giant is a world-renowned and innovative company dedicated to designing and building the strongest, safest, most versatile ladders in the world. Due in no small part to its innovative products and designs, Little Giant's ladder products have been an enormous commercial success.

7. Little Giant is best known for inventing the multi-position ladder, also known as an articulating ladder. Generally, a multi-position ladder includes two pairs of rails connected via rungs, the two pairs of rails being connected to one another via a pair of adjustable center hinges. These hinges and two pairs of rails are disposed within two outer pairs of rails connected via rungs. The inner rails are able to extend and be fixed in place by locking mechanisms found on each of the outside rails. The adjustable hinges,

locking mechanisms, and extending/retracting action allow for multi-purpose ladders to be used in a variety of positions and at varying heights, as depicted below.



8. Little Giant's innovations in the field of ladder design have been recognized by the United States Patent and Trademark Office through the granting of numerous patents to protect Little Giant's inventions.

9. Little Giant's ongoing efforts to innovate and improve its multi-position ladders include continuous improvements to the locking mechanism. The original locking mechanism used in Little Giant multi-position ladders was the pull-out Lock Tab, examples of which are depicted below.



10. Little Giant continued to innovate and over the years developed improved locking mechanisms, including its Rock Locks and Rapid Locks, which are depicted below.



**Rock Locks**                                   **Rapid Locks**

11. Both the Rapid Locks and Rock Locks operate on similar inventive principles, including, for example, the use of rotational movement and mechanical engagements to pull out and push in the locking pins and to retain the locking pins in each position until a new pivoting force is applied. Beginning in 2008, Little Giant filed patent applications covering its new locking invention, resulting in the issuance of several patents.

12. Among the patents issued is United States Patent No. 10,767,416 ("the '416 patent"), entitled "Ladders, ladder components and related methods." The '416 patent issued on September 8, 2020. A copy of the '416 patent is attached as **Exhibit A**.

13. The claims of the '416 patent generally relate to a ladder system with a novel locking mechanism. Claim 1, the sole independent claim of the patent, recites the elements of Little Giant's ladder and locking mechanism invention:

> 1. A ladder comprising:
>   a first assembly having a first pair of rails including a first rail and a second rail, and a second pair of rails including a third rail and a fourth rail, the first pair of rails being slidably coupled with the second pair rails; and
>   a first locking mechanism comprising:
>     a first bracket coupled with the first rail,
>     a first component rotatable about a defined axis,
>     a first engagement pin coupled with the first component, wherein the first locking mechanism is configured so that the first component is rotatable from a first rotational position to a second rotational position;
>     wherein, when the first component is in the first rotational position, a substantial amount of the first bracket is disposed within a cavity defined by the first component and the first engagement pin extends through a pair of aligned openings including a first opening formed in the first rail and a second opening formed in third rail, and
>     wherein, when the first component is in the second rotational position, the first engagement pin is withdrawn from at least one of the first opening and the second opening,
>     at least one retaining mechanism configured to maintain the first component in the first rotational position until application of a first force is applied to the first component to displace it towards the second rotational position, and
>     wherein the at least one retaining mechanism is further configured to maintain the first component in the second rotational position until application of a second force is applied to the first component.

14. At all times relevant to this action, Little Giant is and has been making and selling ladder systems that incorporate the invention claimed in the '416 patent, including multi-position ladders using Rock Locks and Rapid Locks, which Little Giant has marked with the '416 patent number here: https://www.littlegiantladders.com/pages/patents.

5

15. In particular, Little Giant is and has been making and selling multi-position ladders using the Rapid Locks under the brands Epic, Leveler, Multi, and Dark Horse among others. Little Giant has notified the world that ladders using its Rapid Locks design are protected by the '416 patent. *See* Little Giant Ladders, Patents, https://www.littlegiantladders.com/pages/patents.

**Tricam's Infringing Activities**

16. Tricam is a direct competitor of Little Giant in the ladder market and makes and sells multi-position ladders across the United States.

17. Tricam imports, makes, uses, sells, and offers for sale, under the Gorilla Ladder brand, multi-position ladders under the name MPX, including without limitation the model numbers GLA-MPX13; GLMPX-13; GLMPXA-14; GLMPX-14W-2; GLMPX-17; GLA-MPX17; GLMPXA-18; GLMPX-22; GLA-MPX22; GLMPXA-22; GLMPX-22W-2; GLMPX-26; GLA-MPX26; GLMPX-26W-2; GLMPXT-15; and GLMPXT-23 (hereafter "the Infringing Gorilla Ladders"). *See* Gorilla Ladders, Multi-Position Ladders, https://gorillaladders.com/multi-position-ladders/.

18. Each of the Infringing Gorilla Ladders is a multi-purpose ladder employing so-called "speed locks" to secure the rails of the ladder in various configurations. An

Infringing Gorilla Ladder, the GLMPXA-18, is depicted below as representative in relevant respects to all Infringing Gorilla Ladders.



19. The Infringing Gorilla Ladders have two ladder assemblies connected by a set of hinges, and each ladder assembly has a set of inner rails that slide within a set of outer rails to enable extension of the ladder.



20. The speed locks on the Infringing Gorilla Ladders use brackets attached to the outer rails of the ladder and rotating handles that are connected to a pin that can engage the inner rails to lock the rails in position.



21. When the rotating handle of the speed locks is oriented in line with the outer rail, as shown on the right above, at least 60% of the bracket is concealed within the cavity of the handle, and the pin extends through the aligned openings of the inner and outer rails.

22. When the rotating handle of the speed locks is twisted and oriented perpendicularly to the outer rails, as shown to the left above, the pin is withdrawn from at least the opening of the inner rail, allowing the rails to slide relative to each other.

23. Each speed lock has at least one mechanism configured to maintain the handle in either the in-line orientation or the perpendicular orientation until a rotational force is applied to the handle to change positions.

24. As is apparent upon a simple comparison, the speed locks of the Infringing Gorilla Ladders are a copy of Little Giant's patented Rapid Locks.

 

**Little Giant Rapid Locks**　　　　　　**Gorilla Speed Locks**

25. Tricam sells, offers for sale, uses, manufactures, and/or imports the Infringing Gorilla Ladders, which satisfy every limitation of claims 1-5 of the '416 patent, thereby infringing claims 1–5 of the '416 patent under 35 U.S.C. §271.

26. At no time has Little Giant given Tricam permission, license, or authorization to use Little Giant's patented ladder technology, including the inventions claimed in the '416 patent.

27. Counsel for Little Giant wrote a cease-and-desist letter to Tricam and its counsel on October 14, 2020, informing Tricam of the issuance of the '416 patent and of Tricam's infringement of the '416 patent.

28. Tricam has refused to cease selling the Infringing Gorilla Ladders with speed locks.

29. Tricam's use, sale, offer for sale, importation, and/or manufacture of the Infringing Gorilla Ladders since receipt of this letter demonstrate a deliberate and

conscious decision to infringe the '416 patent, or at the very least a reckless disregard of Little Giant's patent rights and therefore constitute willful infringement.

30. Despite having knowledge of Little Giant's patent rights, Tricam will likely continue to willfully and deliberately engage in acts of infringement of the '416 patent unless enjoined by this Court.

31. Little Giant has lost and continues to lose customers, market share, and goodwill as a result of Tricam's infringement.

32. By touting the speed lock design as its own innovation in its marketing of the Infringing Gorilla Ladders, Tricam has and continues to irreparably harm Little Giant's reputation as an innovator in the ladder industry.

33. Tricam's marketing and sale of the Infringing Gorilla Ladders forces Little Giant to complete against its own technology, thus irreparably harming Little Giant by depriving Little Giant of the exclusive use of its inventions to compete, build its reputation and goodwill as an innovator, and expand its market share.

34. Tricam's continued making, using, importing, selling, offering for sale, and distribution of the Infringing Gorilla Ladders has injured, is injuring, and will continue to cause irreparable injury to Little Giant and Little Giant's valuable patent rights, goodwill, reputation, and market share if not preliminarily and permanently enjoined.

## FIRST CAUSE OF ACTION

**(Patent Infringement Under 35 U.S.C. § 271)**

35. Little Giant re-alleges and incorporates by this reference the preceding allegations of this Complaint.

36. As described *supra* at paragraphs 16-24, the Infringing Gorilla Ladders contain each of the limitations of claim 1 of the '416 patent.

37. The Infringing Gorilla Ladders have a first ladder assembly with a pair of outer rails that can be considered a first and second rail, and a pair of inner rails that can be considered a third rail and a fourth rail. The pair of outer rails are slidably coupled with the pair of inner rails.

38. The Infringing Gorilla Ladders use four speed locks, each of which is a locking mechanism that has a bracket connected to an outer rail, a rotating handle, and an engagement pin connected to the rotating handle.

39. The speed locks in the Infringing Gorilla Ladders are configured so that the rotating handle can be rotated into two positions.

40. In one of the two positions, the pin extends through aligned openings in the outer and inner rails and a substantial portion (over 60%) of the bracket is disposed within a cavity in the rotating handle.

41. In the other of the two positions, the pin is withdrawn from at least the opening of the inner rail.

42. The speed locks of the Infringing Gorilla Ladders have at least one mechanism that is configured to retain the handles in the relative positions until a force is applied to rotate the handle to the other position.

43. The Infringing Gorilla Ladders satisfy each of the limitations of claim 2, because they satisfy each limitation of claim 1 as set forth above and also include rungs extending between the outer rails and rungs extending between the inner rails.

44. The Infringing Gorilla Ladders satisfy each of the limitations of claim 3, because they satisfy each limitation of claim 1 as set forth above and also include more than one speed lock.

45. The Infringing Gorilla Ladders satisfy each of the limitations of claim 4, because they satisfy each limitation of claim 3 as set forth above and also because the speed locks are located on laterally opposite sides of the outer rails.

46. The Infringing Gorilla Ladders satisfy each of the limitations of claim 5, because they satisfy each limitation of claim 4 as set forth above and because all of the speed locks employ the design features outlined above in paragraphs 20-24.

47. Tricam's actions as described above, and specifically Tricam's unauthorized manufacture, use, importation, offers to sell, and sales of the Infringing Gorilla Ladders constitute infringement of the '416 patent under 35 U.S.C. § 271.

48. Tricam's continued actions of making, using, importing, selling, offering for sale, and/or manufacturing the Infringing Gorilla Ladders has injured, is injuring, and will cause irreparable injury to Little Giant if not preliminarily and permanently enjoined.

49. Tricam's continued actions of using, importing, selling, offering for sale, and/or manufacturing the Infringing Gorilla Ladders after having knowledge of the '416 patent and Little Giant's allegations of infringement demonstrate a deliberate and conscious decision to infringe the '416 patent or, at the very least, a reckless disregard of Little Giant's patent rights.

50. Little Giant is entitled to an injunction prohibiting Tricam from further making, using, selling, or offering to sell the Infringing Gorilla Ladders without permission or license from Little Giant under 35 U.S.C. § 283.

51. Little Giant is entitled to recover all damages caused by Tricam's infringement of the '416 patent under 35 U.S.C. § 284.

52. If Tricam has continued to manufacture, use, offer to sell, and/or sell the Infringing Gorilla Ladders following its knowledge of the '416 patent, Little Giant will be entitled to treble damages and attorneys' fees and costs incurred in this action, along with prejudgment interest under 35 U.S.C. §§ 284, 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that:

a. the Court preliminarily and permanently enjoin Defendant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participation therewith, from making, using, importing, selling, and/or offering to sell the Infringing Gorilla Ladders and any other ladder products that practice the inventions claimed in the '416 patent;

b. the Court enter judgment against Defendant for infringement of the '416 patent under 35 U.S.C. § 271;

c. the Court order that Defendant account to Plaintiff for all sales, revenues, and profits derived from the sale of the Infringing Gorilla Ladders, and that Defendant pays to Plaintiff all compensatory damages to which Plaintiff is entitled by law, including

13

without limitation lost profits, reasonable royalties, price erosion damages, and convoyed sales damages;

d. the Court award Plaintiff, against Defendant, trebled damages under 35 U.S.C. § 284;

e. the Court declare this case to be exceptional and award Plaintiff, against Defendant, the costs and reasonable attorneys' fees and expenses incurred in this action pursuant to 35 U.S.C. § 285 and the equity powers of the Court;

f. the Court award Plaintiff prejudgment interest against Defendant on all sums allowed by law;

g. the Court award Plaintiff such other and further relief as the Court may deem just and proper.

## **JURY DEMAND**

Little Giant demands that all claims or causes of action raised in this Complaint be tried by a jury to the fullest extent possible under the United States Constitution.

DATED: December 8, 2020　　　　　　DORSEY & WHITNEY LLP

By: */s/ Clinton L. Conner*
　　Clinton L. Conner (#0396192)
　　conner.clint@dorsey.com
　　Caitlin Hull (#0398394)
　　hull.caitlin@dorsey.com
　　Suite 1500, 50 South Sixth Street
　　Minneapolis, MN 55402-1498
　　Telephone: (612) 340-2600
　　Fax: (612) 340-2868

Mark A. Miller (*pro hac vice to be filed*)
miller.mark@dorsey.com
Brett L. Foster (*pro hac vice to be filed*)
foster.brett@dorsey.com
Elliot J. Hales (*pro hac vice to be filed*)
hales.elliot@dorsey.com
**DORSEY & WHITNEY LLP**
111 South Main, 21st Floor
Salt Lake City, UT 84111
Telephone: (801) 933-7360

*Attorneys for Plaintiff Wing Enterprises, Inc.
dba Little Giant Ladder Systems*