IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

WING ENTERPRISES, INC., dba
LITTLE GIANT LADDER SYSTEMS,
a Utah corporation,                              Case No. 0:20−cv−02497−SRN−ECW

                    Plaintiff,

vs.

TRICAM INDUSTRIES, INC.,
a Minnesota corporation,

                    Defendant.

## ANSWER AND COUNTERCLAIMS

Defendant Tricam Industries, Inc. ("Tricam") hereby answers the Complaint filed

by Plaintiff Wing Enterprises, Inc., dba Little Giant Ladder Systems ("Little Giant") as

follows:

1.      Tricam is presently without sufficient knowledge to admit or deny the

allegations set forth in paragraph 1 of the Complaint and, therefore, denies the same.

2.      Tricam admits the allegations set forth in paragraph 2 of the Complaint.

3.      The allegations set forth in paragraph 3 of the Complaint state conclusions

of law to which no response is required.  To the extent that a response is required, Tricam

admits that the Complaint purports to set forth an action for patent infringement under

Title 35 of the United States Code, that this Court has subject matter jurisdiction over

patent infringement actions pursuant to 28 U.S.C. §§ 1331, 1338.

4.      Tricam admits the allegations set forth in paragraph 4 of the Complaint.

5.     Tricam admits the allegations set forth in paragraph 5 of the Complaint.

6.     Tricam is presently without sufficient knowledge to admit or deny the allegations set forth in paragraph 6 of the Complaint and, therefore, denies the same.

7.     Tricam is presently without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 7 of the Complaint and, therefore, denies the same.

8.     Tricam is presently without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 8 of the Complaint and, therefore, denies the same

9.     Tricam is presently without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 9 of the Complaint and, therefore, denies the same

10.     Tricam is presently without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 10 of the Complaint and, therefore, denies the same

11.     Tricam is presently without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 11 of the Complaint and, therefore, denies the same

12.     Tricam admits that U.S. Patent No. 10,767,416 ("the '416 Patent") is entitled "LADDERS, LADDER COMPONENTS AND RELATED METHODS" and that the patent issued on September 8, 2020.  Tricam is presently without sufficient

knowledge to admit or deny the remaining allegations set forth in paragraph 12 of the Complaint and, therefore, denies the same.

13. Tricam admits that paragraph 13 of the Complaint contains a proper recitation of Claim 1 of the '416 Patent, but denies the remaining allegations set forth in paragraph 13 of the Complaint.

14. Tricam admits that some Little Giant multi-position ladders are marked as covered by the '416 Patent. Tricam denies that Little Giant's multi-position ladders using Rapid Locks incorporate the invention claimed in the '416 Patent. Tricam is presently without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 14 of the Complaint and, therefore, denies the same.

15. Tricam admits that some Little Giant multi-position ladders use Rapid Locks and that Little Giant asserts that these products are covered by the '416 Patent. Tricam is presently without sufficient knowledge to admit or deny the remaining allegations set forth in paragraph 15 of the Complaint and, therefore, denies the same.

16. Tricam admits that Tricam competes with Little Giant for sales of multi-position ladders in the United States but denies the remaining allegations set forth in paragraph 16 of the Complaint.

17. Tricam admits that it manufactures, sells, and offers for sale multi-position ladders under the brand Gorilla Ladders brand with MPX model numbers GLA-MPX13, GLMPX-13, GLMPXA-14, GLMPX-14W-2, GLMPX-17, GLA-MPX17, GLMPXA-18, GLMPX-22, GLA-MPX22, GLMPXA-22, GLMPX-22W-2, GLMPX-26, GLA-MPX26,

GLMPX-26W-2, GLMPXT-15, and GLMPXT-23, but denies the remaining allegations set forth in paragraph 17 of the Complaint.

18.     Tricam admits that its multi-position ladders employ locking mechanism sometimes referred to as "speed locks" that may be used to secure the ladder in various configurations and that an image of one such ladder appears to be replicated in Paragraph 18 of the Complaint, but denies the remaining allegations set forth in paragraph 18 of the Complaint.

19.     Tricam admits that its multi-position ladders have rails that slide relative to one another such that the ladder may extend and have rails connected by a hinge, but denies the remaining allegations set forth in paragraph 19 of the Complaint.

20.     Tricam denies the allegations set forth in paragraph 20 of the Complaint.

21.     Tricam denies the allegations set forth in paragraph 21 of the Complaint.

22.     Tricam admits the allegations set forth in paragraph 22 of the Complaint.

23.     Tricam denies the allegations set forth in paragraph 23 of the Complaint.

24.     Tricam denies the allegations set forth in paragraph 24 of the Complaint.

25.     Tricam admits that it sells, offers for sale, uses, manufactures, and imports multi-position ladders, but denies the remaining allegations set forth in paragraph 25 of the Complaint.

26.     Tricam admits the allegations set forth in paragraph 26 of the Complaint.

27.     Tricam admits that it received a letter dated October 14, 2020 from the counsel for Plaintiff that informed Tricam of the issuance of the '416 Patent and

contained allegations of Tricam's infringement of the '416 Patent, but denies the remaining allegations set forth in paragraph 27 of the Complaint.

28.     Tricam admits it has not ceased selling multi-position ladders but denies the allegations set forth in paragraph 28 of the Complaint.

29.     Tricam denies the allegations set forth in paragraph 29 of the Complaint.

30.     Tricam denies the allegations set forth in paragraph 30 of the Complaint.

31.     Tricam denies the allegations set forth in paragraph 31 of the Complaint.

32.     Tricam denies the allegations set forth in paragraph 32 of the Complaint.

33.     Tricam denies the allegations set forth in paragraph 33 of the Complaint.

34.     Tricam denies the allegations set forth in paragraph 34 of the Complaint.

35.     Tricam incorporates its responses in paragraphs 1 to 34 by reference as if fully set forth herein in response to paragraph 35 of Little Giant's Complaint.

36.     Tricam denies the allegations set forth in paragraph 36 of the Complaint.

37.     Tricam denies that its multi-position ladders infringe but admits the remaining the allegations set forth in paragraph 37 of the Complaint.

38.     Tricam denies the allegations set forth in paragraph 38 of the Complaint.

39.     Tricam denies the allegations set forth in paragraph 39 of the Complaint.

40.     Tricam denies the allegations set forth in paragraph 40 of the Complaint.

41.     Tricam denies the allegations set forth in paragraph 41 of the Complaint.

42.     Tricam denies the allegations set forth in paragraph 42 of the Complaint.

43.     Tricam denies the allegations set forth in paragraph 43 of the Complaint.

44.     Tricam denies the allegations set forth in paragraph 44 of the Complaint.

45.     Tricam denies the allegations set forth in paragraph 45 of the Complaint.

46.     Tricam denies the allegations set forth in paragraph 46 of the Complaint.

47.     Tricam denies the allegations set forth in paragraph 47 of the Complaint.

48.     Tricam denies the allegations set forth in paragraph 48 of the Complaint.

49.     Tricam denies the allegations set forth in paragraph 49 of the Complaint.

50.     Tricam denies the allegations set forth in paragraph 50 of the Complaint.

51.     Tricam denies the allegations set forth in paragraph 51 of the Complaint.

52.     Tricam denies the allegations set forth in paragraph 52 of the Complaint.

## GENERAL DENIAL

Except as specifically admitted herein, Tricam denies all allegations in Little Giant's Complaint.

## AFFIRMATIVE DEFENSES

Tricam asserts the following affirmative defenses and reserves the right to raise additional defenses.  In asserting these defenses, Tricam does not assume the burden of proof for any issue with respect to which Little Giant bears the burden of proof.

A.      Neither Tricam nor Tricam products infringe any valid claim of the '416 Patent.

B.      The '416 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102, 103, 112, and other applicable statutory provisions.

C.      Little Giant's damages are barred in whole or in part for failure to give statutory notice under 35 U.S.C. § 287.

D.     Little Giant's Complaint fails to state a claim upon which relief can be granted.

E.     Tricam's own patent applications, patents of third parties, or Little Giant's statements during prosecution of the '416 Patent and its related applications bar in whole or in part Little Giant's assertion of infringement under the Doctrine of Equivalents.

F.     Little Giant's claim for relief and prayer for damages are barred, in whole or in part, by the doctrine of prosecution history estoppel.

G.     Little Giant's claim against Tricam is barred, in whole or in part, by the equitable defenses of estoppel, patent misuse and unclean hands.

## COUNTERCLAIMS

Counterclaimant Tricam, for its counterclaims against Counterclaim Defendant Little Giant, hereby alleges as follows:

## THE PARTIES

1.     Tricam is a corporation organized and existing under the laws of the State of Minnesota, having a principal place of business at 7677 Equitable Drive, Eden Prairie, Minnesota 55344.

2.     Upon information and belief, Little Giant is a corporation organized and existing under the laws of the Utah, having a principal place of business at 1198 N. Spring Creek Place, Springville, Utah 84663.

3.     Little Giant purports to be the owner of the '416 Patent entitled "LADDERS, LADDER COMPONENTS AND RELATED METHODS," issued on September 8, 2020 by the United States Patent and Trademark Office.

## JURISDICTION AND VENUE

4.      Counterclaims against Little Giant that arise out of or are related to the '416 Patent are authorized by Fed. R. Civ. P. 13 and arise under the patent laws of the United States, Title 35 of the United States Code.

5.      This court has jurisdiction over these counterclaims under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and 35 U.S.C. § 1 *et seq.*, in that Little Giant has accused Tricam of infringing the '416 Patent, Tricam asserts that the '416 Patent is invalid or unenforceable, and there is an actual controversy between Tricam and Little Giant as to the enforceability and validity of the '416 Patent.

6.      This court has subject matter jurisdiction over Tricam's counterclaims pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202.

7.      Tricam incorporates by reference all the foregoing allegations and averments of its Answer to Little Giant's Complaint and Tricam's defenses and affirmative defenses.

8.      Venue is proper in this district under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to the claims alleged herein occurred in this district.

## GENERAL ALLEGATIONS

9.      Little Giant has manufactured a variety of multi-position ladders that, among other things, have a hinge between opposing sets of rails that allows the ladder to be arranged in various configurations such as an extension ladder or A-frame step ladder.

10.     On information and belief, an early locking mechanism used in Little Giant's multi-position ladders is referred to by Little Giant as a "Lock Tab," an image of which is depicted in Paragraph 9 of Little Giant's Complaint.

11.     On information and belief, Little Giant began selling Lock Tab multi-position ladders in the early 2000s.

12.     On information and belief, a locking mechanism developed after the Lock Tab and used in Little Giant multi-position ladders is referred to by Little Giant as a "Rock Lock," an image of which is depicted in Paragraph 10 of Little Giant's Complaint.

13.     The Little Giant Rock Lock multi-position ladders have a handle on either side of the ladder rails.

14.     The handles on the Rock Lock multi-position ladders are oriented in-line with the ladder rails.

15.     The top portion of the handle can pivot or rock away from the ladder rail when a sufficient force in the direction of the rail is applied to the bottom portion of the handle.

16.     The top portion of the handle can pivot or rock toward the ladder rail when a sufficient force in the direction of the rail is applied to the top portion of the handle.

17.     On information and belief, Little Giant began selling Rock Lock multi-position ladders as early as 2008.

18.     Little Giant has authorized online marketing of its Rock Lock multi-position ladders, including a January 2021 advertisement at https://www.littlegiantladder.com/products/lt, a copy of which is attached as **Exhibit A**.

19. In the "Super-Fast Setup and Takedown" section on page 3, the ad copy recites, among other things "the patented Rock Lock system." Also, in the "Little Giant Ladder Configurations" section on pages 3-4 of **Exhibit A**, the ad copy describes, among other things, a "patented hinge."

20. On information and belief, a locking mechanism developed after the Rock Lock and used in Little Giant's multi-position ladders is referred to by Little Giant as a "Rapid Lock," an image of which is depicted in Paragraph 10 of Little Giant's Complaint.

21. The Little Giant Rapid Lock multi-position ladders have a rotating handle on either side of the ladder rails.

22. The interior side of each rotating handle faces the ladder rails and has a generally V-shaped notch.

23. When in the locked position, the handle is oriented in line with the direction of the rails.

24. Each rotating handle has a pair of two notches, one located on opposite side of the handle.

25. When in the unlocked position, the handle is oriented perpendicular to the direction of the rails.

26. On information and belief, Little Giant first began selling Rapid Lock multi-position ladders in 2015.

27. Little Giant sells Rapid Lock multi-position ladders throughout the United States.

28.     On information and belief, the first document containing a depicting or written description of the Rapid Lock feature used on Little Giant's multi-position ladders is dated after March 9, 2009.

29.     Little Giant has a YouTube channel on which videos may be downloaded and viewed at https://www.youtube.com/user/LittleGiantLadders.

30.     Kenyan Allan is a Vice President of Sales at Little Giant.  Mr. Allan appears in YouTube videos promoting Little Giant products, including Rapid Lock multi-position ladders.

31.     Mr. Allan appeared in a February 22, 2016 video promoting Little Giant's Rapid Lock multi-position ladders, which can be seen at https://www.youtube.com/watch?v=v4wPi53uVXw.

32.     At or around the 0:55 – 1:00 mark of the YouTube video referenced in the preceding paragraph Mr. Allan references "these brand new Rapid Locks."

33.     Within one year of the first public use, sale or offer of its multi-position ladders with the Rapid Lock feature, Little Giant did not file any patent application directed to the brand new Rapid Lock.

34.     Since at least 2018, Little Giant has had an agreement with Lowe's Companies, Inc., pursuant to which it sells Little Giant multi-position ladders in-store at Lowe's retail locations and online at www.lowes.com.

35.     On information and belief, Little Giant's agreement with Lowe's provides that certain Little Giant multi-position ladders will be available exclusively at Lowe's.

36.     Little Giant's Rapid Lock multi-position ladders are advertised online at Lowe's, including a January 2021 advertisement at https://www.lowes.com/pd/Little-Giant-Leveler-Aluminum-22-ft-Reach-Type-1A-300-lbs-Capacity-Telescoping-Multi-Position-Ladder/1000386355, a copy of which is attached as **Exhibit B**.

37.     In the "Overview" section on page 4 of **Exhibit B**, the ad copy recites, among other things, "Little Giant's patented Ratchet™ Levelers" and "spring-assisted Rapid Lock® adjusters."

38.     Nowhere in **Exhibit B** is the Rapid Lock locking mechanism feature described as patented.

39.     Little Giant authorizes sales and advertising of its Rapid Lock multi-position ladders on the website www.littlegiantladder.com, including the January 2021 advertisement at https://www.littlegiantladder.com/collections/ladders/products/epic, a copy of which is attached as **Exhibit C**.

40.     In the "Little Giant Ladder Configurations" section on page 5 of **Exhibit C**, the ad copy describes, among other things, a "patented hinge."

41.     Nowhere in **Exhibit C** is the Rapid Lock locking mechanism described as patented.

42.     On information and belief, Little Giant is the owner of U.S. Patent No. 10,767,416, which issued September 8, 2020 and is entitled "Ladders, Ladder Components and Related Methods" ("the '416 Patent").

43.     The inventors named on the face of the '416 Patent are N. Ryan Moss, Ryan Crawford, and Keith Emmel.  Mr. Moss is the Chief Executive Officer of Little Giant, a position he has held since around 2008.

44.     On information and belief, Mr. Crawford was formerly a Director of Engineering at Little Giant.

45.     On information and belief, Mr. Emmel was formerly a Director of Innovation at Little Giant.

46.     On information and belief, Mr. Emmel's employment with Little Giant ended in or around 2008.

47.     On information and belief, Mr. Crawford's employment with Little Giant ended in or around 2014.

48.     At least one figure of the '416 Patent depicts a lock handle that looks similar to the Rock Lock.

49.     The specification of the '416 Patent describes a lock handle that can pivot or rock away from the ladder rail when a sufficient force in the direction of the rail is applied to the bottom portion of the handle.

50.     The specification of the '416 Patent describes a lock handle that can pivot or rock toward the ladder rail when a sufficient force in the direction of the rail is applied to the top portion of the handle.

51.     The specification of the '416 Patent, including depictions in Figures 13A, 14, and 20, discloses a cavity within which components may be disposed.

52.     The figures of the '416 Patent have no depictions of a handle having notches, similar to the design of the Rapid Lock.

53.     The specification of the '416 Patent does not describe a lock handle having a notch on the interior side of the handle.

54.     The specification of the '416 Patent does not describe a lock handle having a pair of notches located on opposite sides of the handle.

55.     The specification of the '416 Patent discloses no working example of a retaining mechanism that performs the functions of maintaining a lock handle in two rotational positions.

56.     The figures of the '416 Patent have no depictions of a pyramidal-shaped ramp component positioned between the rail and lock handle.

57.     The figures of the '416 Patent have no depictions of a pyramidal-shaped ramp component that is complementary with a notch in the lock handle.

58.     The specification of the '416 Patent does not describe a pyramidal-shaped ramp component positioned between the rail and lock handle.

59.     The specification of the '416 Patent does not describe a pyramidal-shaped ramp component that is complementary with a notch in the lock handle.

60.     On information and belief, as Little Giant executives, Mr. Moss, Mr. Art Wing and their delegates communicate, as needed, with Little Giant's intellectual property counsel on various matters related to obtaining, maintaining, policing, and enforcing Little Giant intellectual property rights on various aspects of its ladders.

61.     On information and belief, communications between Little Giant's intellectual property counsel and Mr. Moss, Mr. Wing and their delegates have included discussions about the scope of the '416 Patent.

62.     At deposition in a prior lawsuit filed by Little Giant against Tricam, Messrs. Moss and Wing were asked to provide testimony on aspects of their multi-position ladders.

63.     The exact substance of Messrs. Moss and Wing's prior testimony cannot be recited in this pleading because it is subject to non-disclosure confidentiality provisions of a Protective Order.

64.     Mr. Wing is Executive Chairman of Little Giant.

65.     The '416 Patent claims priority to previously filed applications that date back to an initially-filed application filed March 7, 2008.

66.     Among other advertising content placed on the label of Little Giant's Rock Lock and Rapid Lock multi-position ladders is the statement "PAT. www.LittleGiantLadder.com/patents."

67.     On the webpage www.LittleGiantLadders.com/patents, Little Giant identifies various multi-position ladder models it contends are patented under the '416 Patent, including the Little Giant LT, Epic and Leveler.

68.     On information and belief, Little Giant employees periodically review the content of information, including the patent markings, that it places on product labels, including the label for the Rapid Lock multi-position ladder.

69.     On information and belief, Little Giant's actions are designed to convey to others that these ladders are patented by one or more claims of the '416 Patent.

70.     Little Giant holds itself out to consumers and retailers as an industry-leading innovator.

71.     Little Giant uses claims of innovation, including the '416 Patent, to influence the purchase decision of consumers and retailers of multi-position ladders.

72.     Little Giant attempts to use its trademarks to drive sales of its multi-position ladders.

73.     On information and belief, Little Giant believes that the patents it has obtained on its multi-position ladders are important to consumers' purchase decisions.

74.     On information and belief, consumers and retailers of multi-position ladders value patented features.

75.     On information and belief, Little Giant believes that the patents it has obtained on its multi-position ladders are important to the purchase decisions of retailers, such as The Home Depot and Lowe's.

76.     On information and belief, Little Giant has filed applications for more than 100 patents related to ladder products.

77.     On information and belief, Little Giant has obtained more than two dozen federal trademark registrations related to ladder products.

78.     Among the federal trademark registrations obtained by Little Giant are Trademark Reg. No. 4183098 for "Rock Lock" and Trademark Reg. No. 5237995 for "Rapid Lock."

79.     The application that matured into Trademark Reg. No. 4183098 asserts that Little Giant's date of first use of the term "Rock Lock" was at least as early as May 27, 2010.

80.     The application that matured into Trademark Reg. No. 5237995 asserts that Little Giant's date of first use of the term "Rapid Lock" was at least as early as September 8, 2015.

81.     Employees of Little Giant, including at least the three named inventors of the '416 Patent, have experience with patents and the process of obtaining patents.

82.     Mr. Moss is a named inventor on 50 patents. The majority of patents on which Mr. Moss is a named inventor relate to ladders. Mr. Moss has signed numerous documents, including sworn oaths that were filed in connection with Little Giant's efforts to obtain these patents, as well as trademarks, relating to ladder products.

83.     On information and belief, Mr. Moss has communicated with Little Giant intellectual property counsel in relation to these patent and trademark matters, which include the '416 Patent.

84.     Mr. Crawford is a named inventor on more than 10 patents. Most of the patents on which Mr. Crawford is a named inventor relate to ladders.

85.     Mr. Emmel is a named inventor on five patents. Most of the patents on which Mr. Emmel is a named inventor relate to ladders.

86.     During prosecution of the '416 Patent, Messrs. Crawford and Emmel provided sworn declarations filed with the Patent & Trademark Office relating to the '416 Patent.

87.     On information and belief, Messrs. Crawford and Emmel communicated with Little Giant intellectual property counsel regarding the substance of communications with the Patent & Trademark Office during prosecution of the '416 Patent.

88.     On information and belief, employees of Little Giant, including at least Messrs. Moss, Crawford, or Emmel, reviewed the patent claims and correspondence with the Patent & Trademark Office during prosecution of the '416 Patent.

89.     The claim limitation of Claim 1 reciting "a first bracket coupled with the first rail" was added to Claim 1 in a June 20, 2018 amendment.  In the remarks accompanying the amendment, Little Giant asserted that the Grebinoski prior art reference, which had been used to reject the claim, "does not describe a bracket coupled to the first rail."

90.     The claim limitation of Claim 1 reciting "a substantial amount of the first bracket is disposed with a cavity defined by the first component" was added to Claim 1 in a March 8, 2019 amendment.  In the remarks accompanying the amendment, Little Giant asserted that the Grebinoski prior art reference, which had been used to reject the claim, "does not disclose any portion of the bracket ever being within a cavity of the lever."

91.     The claim limitation of Claim 1 reciting "wherein the at least one retaining mechanism is further configured to maintain the first component in the second rotational position until application of a second force is applied to the first component" was added to Claim 1 in a December 16, 2019 amendment.  The limitation had been in dependent claim 3 but was incorporated into claim 1 by Little Giant to gain allowance of the claim.

92.     On information and belief, Messrs. Moss, Crawford, Emmel or others at Little Giant were aware and approved of the amendments and remarks made by its intellectual property counsel on June 20, 2018, March 8, 2019, and December 16, 2019.

93.     Little Giant has previously sought to enforce its rights by filing lawsuits in federal district court alleging patent infringement.  In addition to this lawsuit, Little Giant has filed suit against Tricam on at least three prior occasions.

94.     In 2002, Little Giant sued Tricam alleging patent infringement relating to a different version of Tricam's multi-position ladder.  The lawsuit bore the caption *Harold R. Wing and Wing Enters., Inc. v. Home Depot USA, Inc. and Tricam Indus., Inc*., Civ. No. 2:02-cv-00479 (D. Utah May 15, 2002).

95.     In the 2002 lawsuit, among other things, Little Giant contended that Tricam had copied aspects of the Little Giant ladder design rather than innovating its own design.

96.     In 2017, Little Giant's sued Tricam alleging patent infringement and false advertising relating to Tricam's Gorilla Ladders.  The lawsuit bore the caption *Wing Enters., Inc. v. Tricam Indus., Inc*., Civ. No. 2:17-cv-00244 (D. Utah Mar. 30, 2017).

97.     Little Giant's second lawsuit against Tricam was filed within days of Tricam's first in-store sale of its multi-position ladders at The Home Depot.

98.     Little Giant's second lawsuit was voluntarily dismissed and refiled two months later in Minnesota.  The Minnesota lawsuit is ongoing and bears the caption *Wing Enters., Inc. v. Tricam Indus., Inc*., Civ. No. 17-cv-1769 (D. Minn. May 26, 2017).

99.     In the 2017 Minnesota lawsuit, among other things, Little Giant has contended that Tricam copied aspects of the Little Giant ladder design rather than innovating its own design.

100.     On at least one occasion Little Giant has been sued for patent infringement relating to ladder technology.  In 2013, Little Giant was accused by a competitor of having infringed multiple claims of U.S. Patent No. 6,427,805 in a case bearing the caption *Cosco Mgmt., Inc. v. Wing Enters., Inc*., No. 1:13-cv-0414 JMS-DKL, 2013 WL 11559966 (S.D. Ind. Mar. 12, 2013).

101.     Little Giant has also filed a contested administrative proceeding at the Patent & Trademark Office relating to ladder technology.  In 2018, Little Giant filed a trademark opposition against competitor, Louisville Ladder, Inc.  The matter, which was dismissed earlier this year, bore the caption *Wing Enters., Inc. DBA Little Giant Ladder Sys. v. Louisville Ladder, Inc*., Opp. No. 91249115, 2020 WL 3264936 (Trademark Tr. & App. Bd., June 15, 2020).

102.     Little Giant has extensive experience policing, maintaining, asserting, and defending its intellectual property rights in ladder technology.

103.     Tricam first sold multi-position ladders in 2002.

104.     During late 2015 and into early 2016, Tricam approached The Home Depot and inquired about an agreement in which Tricam would develop a new multi-position ladder for sale in-store at The Home Depot.

105.     Prior to the 2015 inquiry, Tricam already sold other products in The Home Depot.

106.    Tricam sought to grow its market share by offering additional products, including a multi-position ladder, in The Home Depot.

107.    Werner Co. manufacturers multi-position ladders and is a competitor of Tricam and Little Giant.

108.    Tricam and Little Giant are competitors in the market for multi-position ladders.

109.    In 2015, the only multi-position ladders being sold in-store at The Home Depot were manufactured by Werner.

110.    In 2015, Little Giant did not sell any of its multi-position ladders in-store at The Home Depot.

111.    In 2015, Little Giant did not sell any of its multi-position ladders through The Home Depot's online webpage, www.homedepot.com.

112.    When Tricam approached The Home Depot in 2015, there was no product line review or open bid process for multi-position ladders at The Home Depot.

113.    In 2016, Tricam received a commitment from The Home Depot according to which Tricam would join Werner Co. as an in-store vendor of multi-position ladders at The Home Depot beginning in the first quarter of 2017.

114.    The design of Tricam's multi-position ladders included numerous improvements over then standard market designs, including but not limited to larger hinge locks, larger speed locks, an increase in duty rating from 300-lb to 375-lb, a decrease in product weight, and a limited lifetime warranty.

115.     The Tricam multi-position ladder introduced as The Home Depot as a result of the 2015 agreement, was introduced as a 375-lb. rated ladder at a price hundreds of dollars lower than Little Giant's 375-lb rated ladders.

116.     On information and belief, before Tricam began selling its multi-position ladders, Little Giant was the only manufacturer that offered a 375-lb rated ladder.

117.     On information and belief, before Tricam began selling its multi-position ladders, Little Giant sold its 375-lb ladder at a premium price as compared to its 300-lb rated ladders.

118.     On information and belief, after market entry of Tricam's multi-position ladders, Little Giant was required to offer a more price-competitive 375-lb rated ladder.

119.     On information and belief, Wing believes that market entry of Tricam's multi-position ladders disrupted and forever negatively impacted the category of multi-position ladders.

120.     On information and belief, Little Giant believes Tricam's offering of a 375-lb rated multi-position ladder at a reduced price has harmed Little Giant's profitability.

121.     Little Giant contends that had Tricam not begun selling multi-position ladders in-store, The Home Depot would have chosen Little Giant to sell its multi-positions ladders in-store.

122.     Tricam's first sales in The Home Depot retail stores occurred more than one year after Little Giant's first public disclosure of its Rapid Lock multi-position ladders.

123.    Since March 2017 when Tricam began selling its multi-position ladders in-store at The Home Depot, it has been continually subject to litigation filed by Little Giant.

124.    Little Giant contends that Tricam's multi-position ladder design is a copy of various Little Giant ladder design features including the Rapid Lock design.

125.    On information and belief, Little Giant wants to displace Tricam from selling its multi-position ladders in-store at The Home Depot.

126.    On information and belief, Little Giant's false marking and claims of infringement are designed to force Tricam out of the market.

127.    In a November 2020 letter, after Little Giant accused Tricam of infringing the '416 Patent, Tricam informed Little Giant that the '416 Patent contained several limitations not found in Tricam's multi-position ladders, including "a first bracket coupled with the first rails"; "wherein, when the first component is in the first rotational position, a substantial amount of the first bracket is disposed within a cavity defined by the first component …"; and "at least one retaining mechanism configured to maintain the first component in the first rotational position until application of a first force is applied to the first component to displace it towards the second rotational position, and wherein the at least one retaining mechanism is further configured … ."  A copy of the November 2020 letter is attached as **Exhibit D**.

128.    The three claim limitations Tricam identified as missing from its multi-position ladders are also absent from Little Giant's Rapid Lock multi-position ladders.

129.    In the same November 2020 letter, Tricam advised Little Giant that the '416 Patent is "only directed to [Little Giant's] multi-position ladder that used the 'Rock Lock.'"

130.    Tricam's letter made clear its contention that Little Giant's Rapid Lock multi-position ladders are not covered by the '416 patent.

131.    Despite being advised that the '416 Patent does not cover the Rapid Lock multi-position ladders, Little Giant, with the approval of its executives including Ryan Moss and Art Wing, continues to falsely mark these products as patented under the '416 Patent.

132.    The Little Giant Rapid Lock multi-position ladders do not satisfy the claim limitation requiring "a first bracket coupled with the first rail," which is recited in every claim of the '416 Patent.

133.    The pyramidal-shaped ramp component that is complementary with a notch in the handle of the Rapid Lock design is not a bracket disposed within a cavity.

134.    The Little Giant Rapid Lock multi-position ladders do not satisfy the claim limitation requiring "a substantial amount of the first bracket is disposed with a cavity defined by the first component," which is recited in every claim of the '416 Patent.

135.    The Little Giant Rapid Lock multi-position ladders do not satisfy the claim limitation requiring "at least one retaining mechanism configured to maintain the first component in the first rotational position" and "further configured to maintain the first component in the second rotational position," which is recited in every claim of the '416 Patent.

136. None of the handle notches of the Rapid Lock design comprise a single mechanism that maintains the handle in two rotational positions.

137. On information and belief, Little Giant, including at least executives Ryan Moss and Art Wing, know that the Rapid Lock multi-position ladders are not covered by any claim of the '416 Patent.

138. Mr. Wing was asked to provide testimony on aspects of Little Giant's multi-position ladders in a previous lawsuit filed by Little Giant against Tricam.

139. The exact substance of Mr. Wing's prior testimony cannot be recited in this pleading because it is subject to non-disclosure confidentiality provisions of a Protective Order.

140. As a named inventor and by virtue of his assistance prosecuting the application that became the '416 Patent, Mr. Moss knows the Little Giant Rapid Lock multi-position ladders are not covered by any claims of the '416 Patent.

141. Little Giant's false assertion that its Rapid Lock multi-position ladders are covered by the '416 Patent is an improper attempt to expand the scope of its patent rights in a manner that has an anti-competitive effect.

142. Little Giant has falsely marked and continues to falsely mark its Rapid Lock multi-position ladders as patented under the '416 Patent.

143. On information and belief, Little Giant employees responsible for online marketing of the Rapid Lock multi-position ladders are aware it is an unpatented feature as demonstrated by Little Giant advertising copy that fails to ever label the Rapid Lock as patented.

144. Little Giant's failure to ever label the Rapid Lock as patented contrasts with its practice of identifying other features as patented, such as the Rock Lock, hinge, and ratchet leveler.

145. Little Giant's Rapid Lock multi-position ladder is an unpatented article that is not covered by any claim of the '416 Patent.

146. By virtue of its sophistication in intellectual property matters, Little Giant, including its executives, knew or should have known the Rapid Lock multi-position ladder is not covered by any claims of the '416 Patent.

147. Based on status as an inventor, the patent specification disclosure, and what transpired during prosecution of the '416 Patent and its related applications, Messrs. Moss, Crawford and Emmel understand the relevant structures and features of the products relative to the patent claim limitations.

148. On information and belief, Messrs. Moss, Crawford and Emmel know the Rapid Lock feature was not conceived before Little Giant filed the initial patent application to which the '416 Patent claims priority.

149. On information and belief, Messrs. Moss, Crawford and Emmel know that the Rapid Lock feature was not disclosed or described in the '416 Patent specification because it was not conceived before the initial patent application to which the '416 Patent claims priority.

150. On information and belief, competitors in the multi-position ladder market have been and continue to be deterred from utilizing rotating locks, similar to the Rapid

Lock feature, because of Little Giant's improper false marking of its Rapid Lock multi-position ladders.

151.    On information and belief, Little Giant falsely marks its Rapid Lock multi-position ladders to deceive the public, including competitors, to stifle competition, and to preserve an unfair competitive advantage in the marketplace for locking features relating to multi-position ladders arising from the intentionally created misperception that Little Giant has patented the feature and that only Little Giant can make them.

152.    On information and belief, Little Giant made the deliberate decision to falsely mark its Rapid Lock multi-position ladders for the express purposes of deterring competition from Tricam and others, obtaining monetary payments for a license to the '416 Patent, and unlawfully maintaining and expanding Little Giant's market position by asserting patent rights it knows it does not possess.

153.    Little Giant has demanded that Tricam pay millions of dollars to settle this lawsuit.

154.    Given its sophistication in intellectual property matters, Little Giant, including its executives Ryan Moss and Art Wing, know that falsely marking the Rapid Lock as patented will cause competitors to avoid the design, incur extensive costs associated with analyses of the '416 Patent validity and enforceability, and incur costs associated with design-around options.

155.    No other multi-position ladder manufacturer uses a design similar to Little Giant's Rapid Lock or Tricam's speed lock.

156.    Little Giant's false marking results in a disadvantage to Tricam's and others' ability to compete in the multi-position ladder market.

157.    On information and belief, Little Giant, including executives Ryan Moss and Art Wing, know that these costs associated with patent and design-around analyses present a barrier to entry for competitors wishing to utilize rotating lock features on multi-position ladders.

158.    As a result of the assertions by Little Giant that the Rapid Lock multi-position ladders are covered by the '416 Patent, Tricam has been competitively injured.

159.    Tricam's business reputation, including its status as an innovator, is important to its ability to sell multi-position ladders.

160.    On information and belief, Little Giant's false marking relating to the '416 Patent and related claims of innovation have, by comparison, had a detrimental effect on Tricam's business reputation particularly in light of Little Giant's pattern of characterizing Tricam as a copyist.

161.    Little Giant's actions have caused Tricam harm relative to its ability to continue marketing its multi-position ladders with speed locks.

162.    Little Giant's actions have caused Tricam to incur unnecessary investment costs in efforts to design around the Rapid Lock multi-position ladders.

163.    Little Giant's actions have caused Tricam to incur unnecessary investment costs to analyze the validity and enforceability of the '416 patent.

164.    Little Giant continues to falsely mark its Rapid Lock multi-position ladders as covered by the '416 Patent in a bad-faith effort to gain a competitive advantage to detriment of Tricam and other ladder manufacturers.

165.    Little Giant has exhibited a pattern of denigrating Tricam's reputation, for example, by falsely asserting that Tricam copies aspects of Little Giant's ladder designs.

166.    Little Giant's actions are likely to prevent Tricam from creating a reputation as an industry leader and to prevent Tricam from moving to the next level of competition with Little Giant.

## COUNT I – DECLARATION OF NON-INFRINGEMENT OF UNITED STATES PATENT NO. 10,767,416

167.    Tricam realleges and incorporates by reference paragraphs 1 through 166 above as though fully set forth herein.

168.    There is an actual and justiciable controversy between Tricam and Little Giant about whether Tricam is liable for infringement of the '416 Patent.

169.    Tricam has not engaged in and is not engaging in activities that constitute infringement, whether direct, contributory, or by inducement, of any valid claim of the '416 Patent.

170.    Tricam is entitled to a declaration that it does not infringe any valid and enforceable claim of the '416.

## COUNT II – DECLARATION OF INVALIDITY OF UNITED STATES PATENT NO. 10,767,416

171.    Tricam realleges and incorporates by reference paragraphs 1 through 170 above as though fully set forth herein.

172. There is an actual and justiciable controversy between Tricam and Little Giant about the validity of the '416 Patent.

173. The '416 Patent is invalid for failure to meet the conditions of patentability specified in 35 U.S.C. §§ 101, 102 and/or 103, failure to comply with the requirements of 35 U.S.C. §§ 112, or other applicable statutory provisions.

174. Tricam is entitled to a declaration that the claims of the '416 Patent are invalid.

### COUNT III
### FALSE MARKING UNDER 35 U.S.C. § 292

175. Tricam realleges and incorporates by reference paragraphs 1 through 174 above as though fully set forth herein.

176. The Little Giant Rapid Lock multi-position ladders are not covered by any claim of the '416 Patent.

177. Little Giant knowingly, intentionally and in bad faith marked its Rapid Lock multi-position ladders as covered by the '416 Patent.

178. Little Giant falsely marked its Rapid Lock multi-position ladders with the '416 Patent even though it knows the product is not covered by any claim of the patent.

179. Little Giant's false marking of its Rapid Lock multi-position ladders was done with the intent to deceive the public and competitors and has, in fact, deceived the public and competitors.

180.    Little Giant's actions have caused Tricam to suffer a competitive injury at least in the form of having had to incur unnecessary costs in assessing potential options to design around and to assess the validity and unenforceability of the '416 Patent.

181.    Little Giant's bad faith false marking makes this case exceptional within the meaning of 35 U.S.C. § 285.

182.    Little Giant continues to falsely mark its Rapid Lock multi-position ladders and, unless enjoined by this court, will continue to falsely mark its Rapid Lock multi-position ladders.

## COUNT IV
## FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)

183.    Tricam realleges and incorporates by reference paragraphs 1 through 182 above as though fully set forth herein.

184.    Little Giant's Rapid Lock multi-position ladders travel in interstate commerce.

185.    Little Giant's statements that the Rapid Lock multi-position ladders are covered by the '416 Patent are made in its commercial advertising and marketing materials to promote the Rapid Lock multi-position ladders and misrepresent the nature and quality of the Rapid Lock multi-position ladders to the consuming public.

186.    Little Giant's statements that the Rapid Lock multi-position ladders are covered by the '416 Patent are literally false and misleading.

187.    Little Giant's deception is material, in that it is likely to influence the purchasing decisions of those for whom it was intended.

188.    Tricam has been injured as a result of Little Giant's false advertising.

189.    Little Giant's deceptive conduct has caused and will continue to cause immediate and irreparable injury to Tricam, including lost sales, lost market share, price erosions, and loss of goodwill for which there is no adequate remedy at law.

190.    Because Little Giant's actions, on information and belief, were intentional, willful, and/or deliberate, Tricam is entitled to an award of treble damages under Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

191.    On information and belief, this is an exceptional case, and thus Tricam is entitled to an award of attorneys' fees under Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

## JURY DEMAND

Tricam requests a trial by jury on all issues that may be so tried under United States law.

## PRAYER FOR RELIEF

Tricam respectfully requests that the court enter judgment against Little Giant, including:

A.      Dismissing with prejudice Little Giant's Complaint in its entirety.

B.      An order declaring that Tricam, its customers, and all end-users of Tricam's products have not infringed and are not infringing United States Patent No. 10,767,416;

C.      An order declaring that each claim of United States Patent No. 10,767,416 is invalid;

D.      A declaration that the case is "exceptional" within the meaning of 35 U.S.C. § 285 and/or 15 U.S.C. § 1117(a);

E.      An order preliminarily and permanently enjoining Little Giant, its officers, directors, principals, agents, servants, employees, successors and assigns, and all others aiding, abetting, or acting in concert or active participants therewith, from falsely representing that the Rapid Lock multi-position ladders or any other ladder products are covered by United States Patent No. 10,767,416;

F.      An order finding that Little Giant falsely marked its Rapid Lock multi-position ladders in violation of 35 U.S.C. § 292;

G.      An order finding that Little Giant falsely advertised its Rapid Lock multi-position ladders in violation of 15 U.S.C. § 1125(a);

H.      An order that Little Giant account to Tricam for all sales, revenues, and profits derived from the sale of the Rapid Lock multi-position ladders, and that Little Giant pays to Tricam all compensatory damages to which Tricam is entitled by law, including without limitation lost profits, reasonable royalties, price erosion damages, and convoyed sales damages;

I.      An order that Little Giant disgorge to Tricam all profits derived from the sale of the Rapid Lock multi-position ladders marketed with the false and misleading representations concerning their status as being covered by United States Patent No. 10,767,416 and award Tricam all consequential damages caused by Little Giant's false statements;

J.      An order that Tricam be awarded damages resulting from Little Giant's false patent marking;

K.      An order that Tricam be awarded damages resulting from Little Giant's patent misuse;

L.      An award of treble damages under 15 U.S.C. § 1117(a);

M.      An award of prejudgment interest against Little Giant on all sums allowed by law;

N.      An award of Tricam's attorneys' fees and costs incurred in connection with this action; and

O.      Such other and further relief that this court deems proper and just.

January 11, 2021                    By:  */s/Eric H. Chadwick*
                                         Eric H. Chadwick (#248769)
                                         Zachary P. Armstrong (#399992)
                                         DEWITT LLP
                                         2100 AT&T Tower
                                         900 S. Marquette Avenue
                                         Minneapolis, MN  55402
                                         Telephone: (612) 305-1426
                                         ehc@dewittllp.com
                                         zap@dewittllp.com

                                         **ATTORNEYS FOR DEFENDANT
                                         TRICAM INDUSTRIES, INC.**