## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Wing Enterprises, Inc., dba<br>Little Giant Ladder Systems,<br>a Utah corporation,<br><br>Plaintiff,<br><br>v.<br><br>Tricam Industries, Inc.,<br>A Minnesota corporation,<br><br>Defendant. | Case No. 20-cv-2497 (SRN/ECW)<br><br><br>**ORDER ON PLAINTIFF'S MOTION<br>TO DISMISS DEFENDANT'S<br>COUNTERCLAIMS<br>III & IV** |

Caitlin Hull and Shannon L. Bjorklund, Dorsey & Whitney LLP, 50 S. 6th St., Ste. 1500, Minneapolis, MN 55402; Mark A. Miller, Brett L. Foster, and Elliot J. Hales, Dorsey & Whitney, 111 S. Main St., Ste. 2100, Salt Lake City, UT 84111, for Plaintiff.

Eric H. Chadwick and Zachary P. Armstrong, DeWitt LLP, 901 Marquette Ave. Ste. 2100, Minneapolis, MN 55402, for Defendant.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff's Motion to Dismiss Defendant's Counterclaims III and IV [Doc. No. 34] under Federal Rules of Civil Procedure 12(b)(6) and 9(b). Based on a review of the files, submissions, and proceedings herein, and for the reasons below, the Court **GRANTS** Plaintiff's motion in part and **DENIES** it in part.

## I.    BACKGROUND

Plaintiff Wing Enterprises, Inc., dba Little Giant Ladder Systems ("Little Giant" or "Plaintiff") and Defendant Tricam Industries, Inc. ("Tricam" or "Defendant") sell competing brands of articulated ladders, also known as multi-position ladders.    (*See*

Compl. [Doc. No. 1] ¶¶ 7, 16; Answer [Doc. No. 17] ¶ 16; Countercl. [Doc. No. 17] ¶ 108.) Little Giant is a Utah corporation that sells its ladders under the brand name Little Giant. (Compl. ¶ 1.)

Tricam is a Minnesota corporation that sells its ladders under the brand name Gorilla Ladders online and through The Home Depot. (Countercl. ¶¶ 2, 113, 115, 122; Answer ¶ 2.)

### A.     Little Giant's Ladder Locking Mechanisms

Little Giant manufactures a variety of multi-position ladders that can be arranged in different configurations such as an extension ladder or A-frame step ladder. (Countercl. ¶ 9.) In general, the multi-position ladder components include hinges, locking mechanisms, rungs, and extendable sets of rails. (*See* Compl. ¶ 7.) Over time, Little Giant has developed three different locking mechanisms: (1) the Lock Tab; (2) the Rock Lock; and (3) the Rapid Lock. (Countercl. ¶¶ 10, 12, 20.)

The Lock Tab was Little Giant's original locking mechanism. (Countercl. ¶ 10; Pl.'s Answer to Countercl. [Doc. No. 33] ¶ 10.)

Subsequently, Little Giant developed the Rock Lock. (Countercl. ¶ 12; Pl.'s Answer to Countercl. ¶ 12.) The Rock Lock multi-position ladders have a handle on either side of the ladder rails. (Countercl. ¶ 13; Pl.'s Answer to Countercl. ¶ 13.) Little Giant began selling Rock Lock multi-position ladders as early as 2008. (Countercl. ¶ 17; Pl.'s Answer to Countercl. ¶ 17.)

Finally, Little Giant developed the Rapid Lock locking mechanism. (Countercl. ¶ 20; Pl.'s Answer to Countercl. ¶ 20.) Rapid Lock multi-position ladders have a rotating

handle on either side of the ladder rails. (Countercl. ¶¶ 20–21; Pl.'s Answer to Countercl. ¶¶ 20–21.) Little Giant began selling Rapid Lock multi-position ladders in 2015, and sells them throughout the United States. (Countercl. ¶¶ 26–27; Pl.'s Answer to Countercl. ¶¶ 26–27.) Since at least 2018, pursuant to an agreement with Lowe's Companies, Inc. ("Lowe's"), Little Giant sells multi-position ladders in-store at Lowe's retail locations and online at www.lowes.com. (Countercl. ¶ 34; Pl.'s Answer to Countercl. ¶ 34.)

Little Giant promotes its products in a variety of ways, including through video advertisements, online advertisements on Lowe's website, and online advertisements on Little Giant's own website. (Countercl. ¶¶ 19, 31–32, 36, 39.)

### B.    Prior Litigation

Little Giant has previously sought to enforce its patent rights in federal lawsuits against Tricam. (Countercl. ¶ 93.) In a 2002 lawsuit filed in the U.S. District Court for the District of Utah, Little Giant asserted a patent infringement claim against Tricam involving an earlier version of Tricam's multi-position ladder. (*Id.* ¶ 94.) In 2017, also in the District of Utah, Little Giant asserted patent infringement and false advertising claims against Tricam related to Tricam's Gorilla Ladders. (*Id.* ¶¶ 96–98.) The 2017 case is now venued in the District of Minnesota, bearing the caption *Little Giant Ladder Systems, LLC v. Tricam Industries, Inc.*, No. 17-cv-1769 (ECT/ECW), (*id.* ¶ 98), and is set for trial in September 2021. In the instant case, Tricam alleges that since March 2017, when Tricam began selling its multi-position ladders in-store at The Home Depot, "[Tricam] has been continually subject to litigation filed by Little Giant." (*Id.* ¶ 123.)

Little Giant has also been involved in other patent-related disputes concerning ladder technology, including a 2013 lawsuit, *Cosco Management, Inv. v. Wing Enterprises, Inc.*, No. 1:13-cv-0414 JMS-DKL, 2013 WL 1155966 (S.D. Ind. Mar. 12, 2013), in which it was accused of patent infringement, and a contested administrative proceeding that it filed before the U.S. Patent & Trademark Office, *Wing Enterprises, Inc. DBA Little Giant Ladder Systems v. Louisville Ladder, Inc.*, Opp. No. 91249115, 2020 WL 3264936 (Trademark Tr. & App. Bd., June 15, 2020).

### C.   Little Giant's '416 Patent

Among the patents issued to Little Giant is U.S. Patent No. 10,767,416 ("the '416 Patent"), entitled "Ladders, ladder components and related methods." (Compl. ¶ 12 & Ex. A.) The '416 Patent was issued on September 8, 2020. (*Id*.) Among the five claims in the '416 Patent, Claim 1 recites the following elements concerning Little Giant's ladder and locking mechanism:

1. A ladder comprising:
   a first assembly having a first pair of rails including a first rail and a
      second rail, and a second pair of rails including a third rail and a fourth
      rail, the first pair of rails being slidably coupled with the second pair
      rails; and
   a first locking mechanism comprising:
      a first bracket coupled with the first rail,
      a first component rotatable about a defined axis,
      a first engagement pin coupled with the first component,
         wherein the first locking mechanism is configured so that the
         first component is rotatable from a first rotational position to a
         second rotational position;
      wherein, when the first component is in the first rotational
         position, a substantial amount of the first bracket is disposed
         within a cavity defined by the first component and the first
         engagement pin extends through a pair of aligned openings

including a first opening formed in the first rail and a second opening formed in third rail, and

wherein, when the first component is in the second rotational position, the first engagement pin is withdrawn from at least one of the first opening and the second opening,

at least one retaining mechanism configured to maintain the first component in the first rotational position until application of a first force is applied to the first component to displace it towards the second rotational position, and

wherein . . . at least one retaining mechanism is further configured to maintain the first component in the second rotational position until application of a second force is applied to the first component.

(*Id.* ¶ 13.)  Little Giant contends that its Rapid Lock multi-position ladders are protected by the '416 Patent.  (*Id.* ¶ 15.)

In October 2020, prior to filing this lawsuit, counsel for Little Giant wrote a cease-and-desist letter to Tricam, accusing Tricam of infringing the '416 Patent.  (*Id.* ¶ 27.) Tricam disagreed, stating in a November 6, 2020 letter that the '416 Patent contains several limitations not found in Tricam's multi-position ladders, including "a first bracket coupled with the first rails," "wherein, when the first component is in the first rotational position, a substantial amount of the first bracket is disposed within a cavity defined by the first component . . . ," and "at least one retaining mechanism configured to maintain the first component in the first rotational position until application of a first force is applied to the first component to displace it towards the second rotational position, and wherein . . .   at least one retaining mechanism is further configured . . . ." (Countercl. ¶ 127.)  In addition, Tricam expressed its view that the '416 Patent was "only directed to [Little Giant's] multi-position ladder that uses the 'Rock Lock,'" and "made clear its contention that Little

5

Giant's Rapid Lock multi-position ladders are not covered by the '416 Patent."  (*Id*. ¶¶ 129–30.)

In December 2020, Little Giant filed this lawsuit against Tricam, asserting a claim of patent infringement under 35 U.S.C. § 271.  (Compl. ¶¶ 35–52.)  Little Giant alleges that its ladders incorporate the invention claimed in the '416 Patent, including multi-position ladders using Rock Locks and Rapid Locks, which it has marked with the '416 Patent.  (*Id*. ¶¶ 14–15.)  It contends that Tricam's Gorilla Ladders with "Gorilla Speed Locks" are infringing every limitation of Claims 1 through 5 of the '416 Patent.  (*Id*. ¶ 25.)  In particular, Little Giant asserts that "the speed locks of the Infringing Gorilla Ladders are a copy of Little Giant's patented Rapid Locks."  (*Id*.)

In response to Little Giant's Complaint, Tricam denies Little Giant's allegations, and acknowledges that it continues to sell multi-position ladders.  (Answer ¶ 28.)  Tricam also affirmatively asserts the following claims against Little Giant in its Counterclaims:  (1) declaration of non-infringement (Count I); (2) declaration of invalidity of the '416 Patent (Count II); (3) false marking under 35 U.S.C. § 292 (Count III); and false advertising under 15 U.S.C. § 1125(a) (Count IV).  (Countercl. ¶¶ 167–70, 171–74, 175–82, 183–91.)

At issue in the instant motion are Tricam's false marking and false advertising counterclaims against Little Giant.  With regard to false marking, Tricam alleges that Little Giant's Rapid Lock multi-position ladders are not covered by any claim of the '416 Patent, and that Little Giant has falsely marked its Rapid Lock ladders as patented under the '416 Patent, even though it knows otherwise.  (*Id*. ¶¶ 66–67, 131, 177–79.)  Tricam contends that these actions were knowing and intentional, and made in bad faith, with the intent to

deceive the public and competitors.  (*Id*.)  By virtue of Little Giant's "sophistication in intellectual property matters," Tricam asserts that Little Giant, through its inventors and executives, knew or should have known that the Rapid Lock multi-position ladder is not covered by any claims of the '416 Patent.  (*Id*. ¶ 146.)

With respect to Tricam's false advertising counterclaim, it alleges that statements made in Little Giant's commercial advertising and marketing materials to promote Rapid Lock multi-position ladders misrepresent the nature and quality of the ladders to the public. (*Id*. ¶ 185.)  Specifically, Tricam asserts that Little Giant's representations that the Rapid Lock multi-position ladders are covered by the '416 Patent are false and misleading.  (*Id*. ¶¶ 185–87.)   Tricam contends that "Little Giant employees responsible for online marketing of the Rapid Lock multi-position ladders are aware it is an unpatented feature as demonstrated by Little Giant advertising copy that fails to ever label the Rapid Lock as patented."  (*Id*. ¶ 143.)  As a result of Little Giant's advertising statements, Tricam alleges that it has lost sales, market share, and goodwill.  (*Id*. ¶ 189.)

Little Giant generally denies Tricam's allegations (*see* Pl.'s Answer to Countercl. [Doc. No. 33]), and moves to dismiss Counterclaims III and IV.  It argues that Tricam has not adequately pleaded deceptive intent to support its counterclaim for false marking, nor has it adequately pleaded bad faith to support its claim for false advertising.  (Pl.'s Mem. Supp. Mot. to Dismiss ("Pl.'s Mem.") [Doc. No. 29] at 6–18.)

In opposition to Plaintiff's motion, Tricam argues that its allegations are sufficient to defeat Little Giant's Motion to Dismiss.  (Def.'s Opp'n to Pl.'s Mot. to Dismiss ("Def.'s Opp'n") [Doc. No. 42] at 13–39.)   Among its arguments, Tricam asserts that the '416

Patent does not apply to the Rapid Lock multi-position ladders, Little Giant has admitted that it marks the Rapid Lock as patented, Tricam is entitled to a presumption of Little Giant's intent to deceive, and several factual allegations further support a plausible inference of Little Giant's deceptive intent.  (*Id*.)

## II.   DISCUSSION

### A.    Standard of Review

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts the facts alleged in the complaint as true, and views those allegations in the light most favorable to the plaintiff.  *Hager v. Ark. Dep't of Health*, 735 F.3d 1009, 1013 (8th Cir. 2013).  However, the Court need not accept as true wholly conclusory allegations or legal conclusions couched as factual allegations.  *Id.*  To survive a motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Although a complaint need not contain "detailed factual allegations," it must contain facts with enough specificity "to raise a right to relief above the speculative level."  *Id.* at 555.

On a motion to dismiss, a district court may consider the complaint, exhibits attached to the complaint, and documents that are necessarily embraced by the complaint, without converting the motion into one for summary judgment.  *Mattes v. ABC Plastics, Inc.*, 323 F.3d 695, 697 n.4 (8th Cir. 2003). Materials necessarily embraced by the complaint include "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the

pleadings." *Hughes v. City of Cedar Rapids*, 840 F.3d 987, 998 (8th Cir. 2016) (citation omitted).

Here, in deciding the instant motion, the Court considers the allegations contained in Tricam's Counterclaims.  It does not consider any extrinsic evidence such as the declaration of Tricam engineer Ben Williams [Doc. No. 44], and exhibits attached thereto, that Tricam submits in opposition to the instant motion.  These documents are not embraced by Tricam's Counterclaims, nor are they matters of public record.  However, as discussed in more detail below, the Court will consider portions of the deposition testimony of Ryan Moss and Harold Arthur "Art" Wing, along with Tricam's November 6, 2020 letter.  Tricam's Counterclaims specifically reference these documents and the parties do not question their authenticity.   (Countercl. ¶¶ 62–63, 127–31, 138–39.)   They are thus "embraced by the pleadings." *Hughes*, 840 F.3d at 998.

### B.      Federal Rule of Civil Procedure 9(b)

Federal Rule of Civil Procedure 9(b) "imposes heightened pleading requirements for claims grounded in fraud," *OmegaGenesis Corp. v. Mayo Found. for Med. Educ. & Research*, 851 F.3d 800, 804 (8th Cir. 2017), stating, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.   Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b).  Claims subject to the particularity requirements "must plead such facts as the time, place, and content of the [party's] false representations, as well as the details of the [party's] fraudulent acts, including when the acts occurred, who engaged in them, and what was obtained as a result." *Olin v. Dakota Access, LLC*, 910 F.3d 1072, 1075 (8th Cir.

2018) (internal quotation marks and citation omitted).  In short, when pleading a fraud-based claim, a plaintiff "must allege facts that give rise to a strong inference of fraudulent intent."  *Dunnigan v. Fed. Home Loan Mortg. Corp.*, 184 F. Supp. 3d 726, 740–41 (D. Minn. 2016) (citations and internal quotations omitted).   The stringent pleading requirements of Rule 9(b) function "as a safety valve to assure that only viable claims alleging fraud or mistake are allowed to proceed to discovery."  *In re BP Lubricants USA Inc.*, 637 F.3d 1307, 1310 (Fed. Cir. 2011).

### C.    False Marking (Counterclaim III)

The particularity requirement of Rule 9(b) applies to false marking claims under 35 U.S.C. § 292.  *Id.* at 1309.  Section 292 provides in relevant part:

> (a) . . . Whoever marks upon, or affixes to, or uses in advertising in connection with any unpatented article, the word "patent" or any word or number importing that the same is patented, for the purpose of deceiving the public . . . [s]hall be fined not more than $500 for every such offense.

> (b) A person who has suffered a competitive injury as a result of a violation of this section may file a civil action in a district court of the United States for recovery of damages adequate to compensate for the injury.

35 U.S.C. § 292(a)-(b).  Thus, the elements of a false marking claim or counterclaim are "(1) marking an unpatented article and (2) intent to deceive the public."  *Forest Grp., Inc. v. Bon Tool Co.*, 590 F.3d 1295, 1300 (Fed. Cir. 2009) (citing *Clontech Labs. Inc. v. Invitrogen Corp.*, 406 F.3d 1347, 1352 (Fed. Cir. 2005)).

### 1.    Marking an Unpatented Article

In its false marking counterclaim, Tricam asserts that "Little Giant's Rapid Lock multi-position ladder is an unpatented article that is not covered by any claim of the '416

10

Patent." (Countercl. ¶ 145.)  In support of this general allegation, Tricam compares various features of Little Giant's Rapid Lock multi-position ladders with the claim limitations in the '416 Patent, as reflected in the following allegations:

> 132.  The Little Giant Rapid Lock multi-position ladders do not satisfy the claim limitation requiring "a first bracket coupled with the first rial," which is recited in every claim of the '416 Patent.
>
> 133.  The pyramidal-shaped ramp component that is complementary with a notch in the handle of the Rapid Lock design is not a bracket disposed within a cavity.
>
> 134.  The Little Giant Rapid Lock multi-position ladders do not satisfy the claim limitation requiring "a substantial amount of the first bracket is disposed with a cavity defined by the first component," which is recited in every claim of the '416 Patent.
>
> 135.  The Little Giant Rapid Lock multi-position ladders do not satisfy the claim limitation requiring "at least one retaining mechanism configured to maintain the first component in the first rotational position" and "further configured to maintain the first component in the second rotational position," which is recited in every claim of the '416 Patent.
>
> 136.  None of the handle notches of the Rapid Lock design comprise a single mechanism that maintains the handle in two rotational positions.

(*Id.* ¶¶ 132–36; *see also id.* ¶¶ 48–59, 89–92.)

Solely for purposes of this motion and in light of the standard of review, Little Giant concedes that Tricam has adequately pleaded the first element of a false marking claim by alleging the marking of an unpatented article.  (*See* Reply [Doc. No. 46] at 2–3 & n.1.)

Comparing Tricam's allegations against the claims of the '416 Patent, (Compl., Ex. A), and viewing the allegations in the light most favorable to the claimant, the Court finds that Tricam has sufficiently pleaded the first element of a false marking claim.

2.    **Deceptive Intent**

The focus of Little Giant's Motion to Dismiss concerns the second element of a false marking claim—deceptive intent.  Little Giant argues that Tricam has failed to adequately plead facts giving rise to a strong inference that Little Giant knows the '416 Patent does not cover its Rapid Lock ladders, but has nevertheless chosen to deceive the public by marking the products as patented.  (Pl.'s Mem. at 10–15; Reply at 3–7.)

Knowledge of falsity exists when the false marker lacks "a reasonable belief that the articles were properly marked." *Clontech*, 406 F.3d at 1352–53.  The intent to deceive is "a state of mind arising when a party acts with sufficient knowledge that what it is saying is not so and consequently that the recipient of its saying will be misled into thinking that the statement is true." *Id.*  "The bar for proving deceptive intent . . . is particularly high[.]" *Pequignot v. Solo Cup. Co.*, 608 F.3d 1356, 1363 (Fed. Cir. 2010).  Because § 292 requires that "the false marker act 'for the purpose of deceiving the public,' a purpose of deceit, rather than simply knowledge that a statement is false, is required." *Id.* (quoting 35 U.S.C. § 292(a)).  Because a false marking claim must allege facts showing that "the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent)," *Clontech*, 406 F.3d at 1353, facts that simply allege mismarking of a product "do[] not necessarily show knowledge or intent." *Simonian v. Cisco Sys., Inc.*, No. 10 C 1306, 2010 WL 2523211, at *4 (N.D. Ill. June 17, 2010).

As the Federal Circuit noted in *Pequignot*, the combination of a false statement and knowledge of its falsity "creates a rebuttable presumption of intent to deceive the public, rather than irrebuttably proving such intent."  608 F.3d at 1362–63.  Thus, the "*Pequignot*

presumption" only "informs the determination of whether a false marking plaintiff has met Rule 9(b)." *In re BP Lubricants*, 637 F.3d at 1312–13. It is "simply a factor in determining whether Rule 9(b) is satisfied," and "does not, standing alone, satisfy Rule 9(b)'s particularity requirement." *Id.* (citing *Pequignot*, 608 F.3d at 1363).

Tricam argues that it is entitled to application of the *Pequignot* presumption because it has plausibly alleged that the Rapid Lock is not covered by the '416 Patent, and "[a] reasonable comparison of the claim language with the product demonstrates that Little Giant reasonably knew the statement was false." (Def.'s Opp'n at 26.) However, simply comparing the '416 claim language to Little Giant's Rapid Lock ladders, without more, does not satisfy Rule 9(b)'s particularity requirement for alleging deceptive intent. *See In re BP Lubricants*, 637 F.3d at 1312–13 (citation omitted).

Tricam relies on *Battenfeld Technologies, Inc. v. Birchwood Laboratories, Inc.*, No. 11-cv-883 (MJD/JJK), 2011 U.S. Dist. LEXIS 158195, at *20–29 (D. Minn. Sept. 15, 2011), *report & recommendation adopted*, 2011 U.S. Dist. LEXIS 114019 (D. Minn. Sept. 30, 2011), and *ThermoLife International, L.L.C. v. NeoGenis Labs, Inc.*, 411 F. Supp. 3d 486, 498 (D. Ariz. 2019), in which false marking claims survived Rule 12(b)(6) motions. However, the allegations in those cases included more than a comparison between the claim language and the products in question. Among the additional allegations supporting an inference of deceptive intent in *Battenfeld* were the defendant's abandoned patent enforcement actions against the plaintiff, 2011 U.S. Dist. LEXIS 158195, at *24–25, and, in *ThermoLife*, the defendant's removal of patent labels from certain of its products, while the defendant continued to advertise the products as patented. 411 F. Supp. 3d at 494, 497.

Tricam points to additional allegations in its Counterclaims to support its position that it has sufficiently met Rule 9(b)'s pleading requirements, including allegations concerning Little Giant's sophistication, alleged inconsistencies in Little Giant's advertisements, and Little Giant's conduct during the prosecution of the '416 Patent. For the reasons discussed below, the Court finds that these allegations fall short of the pleading requirements for deceptive intent.

### a.    Sophistication

Tricam alleges that "[b]y virtue of [Little Giant's] sophistication in intellectual property matters, Little Giant, including its executives, knew or should have known the Rapid Lock multi-position ladder is not covered by any claims of the '416 Patent." (Countercl. ¶ 146.)

If properly supported, a party's sophistication in intellectual property matters may be a factor relevant to sufficiently alleging deceptive intent. *See Battenfeld*, 2011 U.S. Dist. LEXIS 158195, at *28–29. But conclusory allegations that a patent holder is a "sophisticated company and has experience applying for, obtaining, and litigating patents" such that it "knew or should have known" that the patent was inapplicable to the product are insufficient to meet the heightened pleading standards of Rule 9(b). *In re BP Lubricants*, 637 F.3d at 1309, 1312; *see also Kirkwood Florist, Inc. v. Hi-Float, Inc.*, 812 F. Supp. 2d 1000, 1006 (E.D. Mo. 2011) (finding allegations that the accused marked its products with an expired patent number, and "ha[d]experience in the procurement and acquisition of patents" and "retained sophisticated intellectual property counsel" were "insufficient to satisfy the high pleading standards of Rule 9(b)."); *Pequignot v. RSA Sec.*

*Inc.*, No. 10-cv-471, 2011 WL 13356311, at * 2 (S.D. Cal. Sept. 19, 2011) (dismissing false marking claim, stating, "Although Plaintiff includes many allegations about Defendants' sophistication, and knowledge and possession of patents, the complaint is devoid of factual allegations supporting Defendants wrongfully marked unpatented products with the intent to deceive the public."); *Blenheim Grp., LLC v. Int'l Innovation Co. USA, Inc.*, No. 10-5669, 2011 U.S. Dist. LEXIS 78074, at *7–8 (E.D. Pa. July 18, 2011) (dismissing false marking claim and noting that "[a]n allegation that the defendant 'should have known' invokes a negligence standard.  At most, it implicates a negligent misrepresentation, not an intentional one.").

Tricam argues that its false marking counterclaim pleads sufficient, specific facts in support of its sophistication allegation, which in turn, gives rise to a plausible inference of Little Giant's intent to deceive.  (Def.'s Opp'n at 26.)  For example, it identifies specific individuals, "on information and belief," with knowledge of Little Giant's patent, marking, and scope of invention, who Tricam believes also conferred with counsel about such matters.  (*See, e.g.*, Countercl. ¶¶ 43–46, 60–64, 81–88.)  Tricam relies again on *Battenfeld*, 2011 U.S. Dist. LEXIS 158195, at *20–29, in which the court found that the plaintiff had sufficiently alleged deceptive intent for its false marking claim for several reasons, including the defendant's sophistication in intellectual property matters.  In particular, the court noted specific allegations of prior enforcement actions, including the defendant's prior threats of litigation against the plaintiff "involving the exact patents" at issue, as well as allegations regarding the defendant's actions, several years earlier, in choosing "not to pursue infringement claims against Plaintiff because Plaintiff's [product], like Defendant's

15

own [product] did not include" a feature recited in the claims.  *Id.* at *29, 33.  In addition, the court pointed to allegations that the defendant had "at some point started to black-out or remove the patent numbers printed on some of the product packaging after this lawsuit was filed." *Id*.

Here, while Tricam alleges that the parties are fierce competitors, (*see, e.g.*, Countercl. ¶¶ 93–99, 108), such competitive motivations do not support a plausible inference of deceptive intent.  *See Gen. Mills, Inc. v. Kellogg Co.*, 824 F.2d 622, 627 (8th Cir. 1987) ("Knowledge of another's product and an intent to compete with that product is not, however, equivalent to an intent by a new entrant to a market to mislead and to cause consumer confusion.").  While the parties have previously engaged in patent litigation against each other, (Countercl. ¶¶ 93–99), unlike the plaintiff in *Battenfeld*, Tricam does not allege any prior enforcement activities concerning the '416 Patent, which was only issued in September 2020.  *See Blenheim Grp.*, 2011 U.S. Dist. LEXIS 78074, at *8–9 (finding allegations insufficient to state a false marking claim where they merely asserted that "defendant's aggressive patent enforcement strategy shows its familiarity with the patent process generally.").  Nor are the other factors in *Battenfeld* present here, as Little Giant informed Tricam of its infringement concerns in October 2020—within one month of the issuance of the '416 Patent—and filed this lawsuit less than three months after the patent's issuance.  Nor does Tricam allege that Little Giant has blacked out or removed patent numbers or its "patented" status from Rapid Lock ladders since filing this lawsuit.

The Court therefore finds that while Tricam's allegations state that Little Giant is a sophisticated company, with experience in applying for and litigating its patents,

(Countercl. ¶ 103), these allegations fail to support the element of deceptive intent for a false marking claim. *See In re BP Lubricants*, 637 F.3d at 1309, 1312; *see also Brinkmeier v. BIC Corp.*, 733 F. Supp. 2d 552 564 (D. Del. 2010) (dismissing false marking claim where "allegations that BIC is sophisticated and employs experienced counsel do not suggest an intent to deceive."); *Blenheim Grp.*, 2011 U.S. Dist. LEXIS 78074, at *11 (finding insufficient the allegations "of a sophisticated company [with] experience applying for, obtaining, and litigating patents.").

### b.   Allegations Concerning Inventors, Timing of Development, and Content of '416 Patent

Tricam points to additional allegations in support of its position that it has sufficiently alleged facts from which Little Giant's deceptive intent may be inferred, including allegations concerning the inventors of the '416 Patent and Little Giant's executives, the timing of the development of the '416 Patent, and the content of the '416 Patent.

As to the inventors and executives, Tricam alleges, "on information and belief," that through Little Giant executive Art Wing, as well as the inventors of the '416 Patent—Ryan Moss, Ryan Crawford, and Keith Emmel—Little Giant "know[s] that the Rapid Lock multi-position ladders are not covered by any claim of the '416 Patent." (Countercl. ¶ 137; *see also id.* ¶¶ 146–49, 154.)   In its Counterclaims, Tricam alludes to confidential testimony that Mr. Moss and Mr. Wing provided in the 2017 lawsuit filed by Little Giant against Tricam, but which Tricam was prohibited from disclosing here due to a protective order.  (*Id.* ¶¶ 62–63, 137–38) ("The exact substance of Messrs. Moss and Wing's prior

testimony cannot be recited in this pleading because it is subject to non-disclosure confidentiality provisions of a Protective Order."). For purposes of Tricam's opposition to the instant motion, however, Little Giant agreed to Tricam's request to remove the confidentiality designations for portions of Mr. Wing's 2018 deposition testimony (from pages 55 to 57), and portions of Mr. Moss' deposition testimony (from pages 112–116).[1] (Armstrong Decl. [Doc. No. 43] ¶ 2 & Ex. A.)

In support of Tricam's assertion that Little Giant knew the Rapid Lock was a separate invention from the invention covered by the '416, Tricam points to the following testimony from Mr. Wing's June 26, 2018 deposition: "Q:  And is Little Giant seeking patent protection on the Rapid Lock?  A:  No.  That one we decided at the very end not to do it. . . .  And we didn't patent it, so they copied it."  (Armstrong Decl., Ex. B at 56:18-

---

[1]     Despite the scope of the parties' agreement to disclose these limited portions of deposition testimony, Tricam submits only a single page of Mr. Wing's testimony, (Armstrong Decl., Ex. B at 56), and none of Mr. Moss' testimony.  In Little Giant's Reply, it asks the Court to consider the two additional, agreed-upon pages from Mr. Wing's deposition, and the four agreed-upon pages from Mr. Moss' deposition.  (Reply at 46) (citing Second Miller Decl. [Doc. No. 47], Exs. 1 & 2).  It argues that all of this testimony is necessary to provide context for the single page of Mr. Wing's testimony that Tricam provides.  (*Id.*)

The Court will consider all of the agreed-upon deposition testimony because it is embraced by the pleadings.  Tricam's Counterclaims refer to the testimony, (Countercl. ¶¶ 62–63, 138–39), and its authenticity is not in dispute.  Also, although the Court does not ordinarily consider exhibits submitted with a party's reply memorandum, it will do so here for the reasons stated above—the testimony is embraced by the pleadings, its authenticity is undisputed, Little Giant submits the testimony in response to Tricam's arguments, and the testimony provides context for Tricam's allegations and submitted testimony.

22.)  Tricam argues that this testimony "indicates Little Giant's awareness that the Rapid Lock was a separate invention from what was disclosed in the '416 Patent." (Def.'s Opp'n at 28.)   Also, Tricam asserts, "individuals and corporations with extensive patent experience know that once they publicly disclose a feature or sell a product that uses the feature, they have one year to file a patent application or its patentability is barred." (Def.'s Opp'n at 27) (citing 35 U.S.C. § 102).   Tricam contends that this testimony "reflects Little Giant's deliberate decision to forego patent protection on the Rapid Lock before the one-year window closed in 2016." (*Id*. at 27–28.)

Little Giant notes, however, that Mr. Wing further testified, "To the best of my knowledge, there's no IP on the Rapid Lock." (Second Miller Decl. [Doc. No. 47], Ex. 1 at 57.)  Indeed, at the time of Mr. Wing's deposition, the '416 Patent had not issued.

In Mr. Moss' June 25, 2018 deposition, taken the day before Mr. Wing's deposition, he testified as follows:

Q: Does Little Giant have patent protection on the Rapid Locks?

***

A:  Okay.  There is an application that's pending that may cover that.

Q:  Okay. But as of today, there's not an issue—

A:  No.

Q:  —a patent that covers it?

A:  No.  No, there's not.

(*Id.*, Ex. 2 at 115:15–116:6.)

Viewing Tricam's allegations and supporting testimony in the light most favorable to Tricam, they do not support an inference of deceptive intent.[2] Tricam's allegations that Little Giant did not hold a separate patent on the Rapid Lock in 2018 do not support a strong inference that Little Giant subjectively believed that it had not, and could not, obtain patent protection for the Rapid Lock through any pending application relating to the Rock Lock. While Mr. Wing testified that "we decided at the very end not to [obtain patent protection]" on the Rapid Lock, his testimony predates the issuance of the '416 Patent by two years. His statement in 2018 that "to the best of [his] knowledge," there was "no IP on the Rapid Lock," was an accurate statement at that time. Mr. Moss testified in 2018 to his belief that a pending patent application might cover the Rapid Lock. (Second Miller Decl., Ex. 2 at 115:15–116:6.) Even though the Court assumes under Rule 12(b)(6) that the '416 Patent does not cover the Rapid Lock, as Tricam alleges, Tricam's allegations concerning this deposition testimony do not sufficiently support a strong inference of Little Giant's intent to falsely mark its Rapid Lock ladders in order to deceive the public. These allegations merely show that Little Giant inventors and executives were aware that the

---

[2]      As a preliminary observation, the Court notes that for all of Tricam's focus on timing, its allegations fail to expressly allege when Little Giant falsely marked its products. (*See, e.g.*, Countercl. ¶ 66) (alleging, without reference to date, "Among other advertising content placed on the label of Little Giant's Rock Lock and Rapid Lock multi-position ladders is the statement 'PAT.www.LittleGiantLadder.com/patents.'"). Instead, Tricam refers to ongoing false marking activity, (*id.* ¶ 131), and, in its opposition to the instant motion, it refers back to Little Giant's Complaint, which alleges that "[a]t all times relevant to this action" Little Giant has marked the Rapid Lock as patented on the label and [on Little Giant's] website. (Def.'s Opp'n at 32) (quoting Compl. ¶ 14). A party asserting a claim grounded in fraud must allege, among other things, "when" the acts occurred. *Olin*, 910 F.3d at 1075.

Rapid Lock feature was not patented in 2018, but might be encompassed by a pending patent application. Such allegations do not give rise to an inference of deceptive intent.

Tricam also alleges facts regarding the departure from Little Giant of one of the three named inventors listed in the '416 Patent prior to the 2008 filing of the initial application in the "'416 patent family," and the departure of another inventor in 2014, prior to the first sale of Rapid Lock ladders. (Countercl. ¶¶ 46, 47.) Tricam surmises, "It is unlikely that Little Giant developed the Rapid Lock in 2008 but concealed it for so many years, particularly given its admission that it first started using the term Rapid Lock in late 2015 and that its Vice President of Sales, Kenyan Allan, referred to it as 'brand new' in early 2016." (Def.'s Opp'n at 29.) Such speculative allegations do not support a strong inference of deceptive intent.

Relatedly, Tricam alleges that Little Giant's Rapid Lock inventors knew that the Rapid Lock feature was not conceived before Little Giant filed the initial patent application to which the '416 Patent claims priority. (Countercl. ¶ 148–49.) Tricam contends that this explains why the Rapid Lock design is not depicted in the patent figures for the '416 Patent. (*Id.* ¶¶ 52, 56–57.) It argues that "[i]t is certainly plausible that Little Giant executives, including Ryan Moss, contrived the idea that the Rapid Lock is supported by the '416 patent specification as an after-the-fact scheme to sue Tricam once it introduced a competing multi-purpose ladder with a feature that Little Giant chose not to patent." (Def.'s Opp'n at 30–31.) This allegation is far too speculative under the Rule 12(b)(6) and Rule 9(b) pleading standards.

The Court finds that the allegations concerning the depicted figures for the '416 Patent fail to support an inference of deceptive intent sufficient to meet the heightened pleading standards of Rule 9(b). As Little Giant notes, a patent applicant may broaden its claims during prosecution to encompass a competitor's product. *See Liebel-Flarsheim Co. v. Medrad, Inc.*, 358 F.3d 898, 909 n.2 (Fed. Cir. 2004) ("[I]t is not improper for an applicant to broaden his claims during prosecution in order to encompass a competitor's products, as long as the disclosure supports the broadened claims."); *Kingsdown Med. Consultants, Ltd. v. Hollister, Inc.*, 863 F.2d 867, 874 (Fed. Cir. 1988) (stating that it is not improper "to amend or insert claims intended to cover a competitor's product the applicant's attorney has learned about during the prosecution of a patent application."). Also, a patent applicant "is not required to describe in the specification every conceivable and possible future embodiment of his invention." *Lochner Techs., LLC v. Vizio, Inc.*, 567 Fed. App'x 931, 939 (Fed. Cir. 2014) (citation omitted).

Indeed, Mr. Moss testified in June 2018 to his belief that Little Giant's pending application for the '416 Patent might cover the Rapid Lock. (Second Miller Decl., Ex. . 2 at 115:15–116:1.) Tricam's contention that Mr. Moss and others at Little Giant devised an after-the-fact position that the '416 Patent applies to its Rapid Lock ladders in order to sue Tricam for patent infringement when Tricam later introduced a competing ladder is utterly speculative. Accordingly, the Court finds that these allegations fail to meet the high bar under Rule 9(b) to support an inference of deceptive intent.

### c.    Alleged Inconsistencies in Little Giant's Advertising

Tricam also argues that it has sufficiently pleaded deceptive intent by alleging that Little Giant fails to advertise the Rapid Lock as patented, which is inconsistent with its advertisements for other patented products.  (Def.'s Opp'n at 31–32; Countercl. ¶¶ 17–19, 26–41, 143–44.)  If the Rapid Lock multi-position ladders were truly covered by the '416 Patent, Tricam contends, its advertisements would tout their patented status, but they do not. (Def.'s Opp'n at 31–32.)  For example, Tricam points to a January 2021 advertisement for Rock Lock multi-position ladders found on Little Giant's website, in which Little Giant refers to a "patented hinge," and the "Super-Fast Setup and Takedown" of the ladder "thanks to the patented Rock Lock system," (Countercl. ¶ 19 & Ex. A.)  In a January 2021 advertisement on Lowe's website, Little Giant advertises its Rapid Lock multi-position ladders, and refers to "Little Giant's patented Ratchet™ Levelers" and "spring-assisted Rapid Lock® adjusters," but does not describe the Rapid Lock as "patented."  (*Id.* ¶¶ 36–37 & Ex. B.)  Similarly, Tricam notes that in a January 2021 advertisement for Rapid Lock ladders found on Little Giant's own website, Little Giant refers to "a patented hinge," but does not describe the Rapid Lock mechanism as patented.  (*Id.* ¶ 39 & Ex. C.)  Tricam thus asserts that Little Giant's "inconsistent advertising" supports an inference of deceptive intent.  (Def.'s Opp'n at 31–32.)

Tricam relies on authority in which courts have found that changes in packaging and advertising, made after the false marking would have been known, may support inferences of an intent to deceive.  *See, e.g.*, *In re BP Lubricants*, 637 F.3d at 1312; *Battenfeld*, 2011 U.S. Dist. LEXIS 158195, at *32–34.   For instance, courts have

23

considered allegations about the patent owner's change in behavior after the patent has issued, such as inconsistent enforcement positions or initially marking a product as patented and then removing the marking, as relevant to deceptive intent. *See Battenfeld*, 2011 U.S. Dist. LEXIS 158195, at *25–26, 32–35.

The facts alleged here, however, are much more attenuated and speculative. Tricam's false marking counterclaim alleges that after the issuance of the '416 Patent, Little Giant began marking the labels on its Rapid Lock multi-position ladders to indicate their patented status, (Countercl. ¶¶ 66–67), although it has not advertised or promoted the products as such. (*Id*. ¶¶ 26–41, 143.)   But Tricam filed its Counterclaims less than four months after the '416 Patent had issued.   As Little Giant contends, a plausible inference from Tricam's allegations is that Little Giant has simply not yet updated its advertising materials to reflect its position that the Rapid Lock ladders are covered by the '416 Patent. (Reply at 18–19.)

At this time, the Court finds that any inconsistencies in Little Giant's advertising do not give rise to a strong inference of fraudulent intent. *Dunnigan*, 184 F. Supp. 3d at 740–41.   These allegations do not allege shifting behavior suggestive of deceit, along the lines of multiple revised markings, *see Brinkmeier*, 684 F. Supp. 2d at 553 & n.5, or blacked-out patent numbers on product packaging after the initiation of patent infringement litigation. *See Battenfeld*, 2011 U.S. Dist. LEXIS 158195, at *32–35.   Granted, as Tricam states, there are several ways to support an inference of intent to deceive, *see In re BP Lubricants*, 637 F.3d at 1312, and the specific conduct at issue in the above-cited cases is merely illustrative of the type of conduct that could support such an inference.   However,

24

the Court agrees with Little Giant that deceptive intent cannot plausibly be inferred from the allegations here about Little Giant's "failure to update marketing materials as fast as it updates a patent marking website." (Reply at 18–19.)

### d.   Little Giant's Conduct

Finally, Tricam alleges that Little Giant's patent prosecution and enforcement conduct supports an inference of deceptive intent, pointing to:  (1) an amended claim limitation that Little Giant provided to the Patent Office with respect to claim 1 of the '416 Patent; and (2) Tricam's November 6, 2020 response to Little Giant's cease-and-desist letter.[3] (Countercl. ¶¶ 90–92, 127–30.)  Tricam asserts that in its November 6, 2020 letter, it advised Little Giant that the '416 Patent contained certain claim limitations that are not present in Tricam's multi-position ladders. (*Id*. ¶ 127.)  Also in the letter, Tricam expressed its view that the '416 Patent is "only directed to [Little Giant's] multi-position ladder that used the 'Rock Lock,'" and "made clear its contention that Little Giant's Rapid Lock multi-position ladders are not covered by the '416 Patent." (*Id*. ¶ 129–30.)  Despite this notice, Tricam asserts, Little Giant "continues to falsely mark these products as patented under the '416 Patent." (*Id*. ¶ 131.)

---

[3]     Tricam acknowledges that it inadvertently attached the wrong November 2020 letter as an exhibit to its Counterclaims.  (Def.'s Opp'n at 35; *see* Countercl., Ex. D (Nov. 20, 2020 Confidential Settlement Letter).)  Little Giant filed the correct letter as an exhibit to its initial memorandum in support of the instant motion.  (First Miller Decl. [Doc. No 30], Ex. A.)   Tricam believes that because the correct letter was not an exhibit to its Counterclaims, the Court cannot consider it on a motion to dismiss. (Def.'s Opp'n at 35.) The Court disagrees. Because Tricam's false marking allegations directly quote Tricam's November 6, 2020 letter, and the letter's authenticity is undisputed, the Court finds that the letter is embraced by the pleadings.  *Hughes*, 840 F.3d at 998.

The Court finds that neither of these instances of Little Giant's conduct supports an inference of deceptive intent. Both instances highlight the parties' divergent views about whether the '416 Patent applies to Little Giant's Rapid Lock multi-position ladders. In this regard, Little Giant's conduct in continuing to mark its Rapid Lock ladders as patented, and in initiating this patent infringement action against Tricam is consistent with its belief that the '416 Patent covers the Rapid Lock multi-position ladders. But Tricam's allegations that the '416 Patent does not cover Rapid Lock ladders—which the Court has accepted as true for purposes of this motion—and the fact that it communicated this view to Little Giant fail to plausibly support an inference that Little Giant purposely marked its Rapid Lock ladders as patented in order to deceive the public. *See Bowe Mach. Co. v. Superbolt, Inc.*, No. 13-cv-00008-JAJ-RAW, 2013 U.S. Dist. LEXIS 191596, at *22–28 (S.D. Iowa Dec. 20, 2013) (dismissing false marking claim for failing to meet Rule 9(b) pleading standard where allegations were based, in part, on fact that the defendants continued to mark the unpatented product as patented even after plaintiff notified them of the falsely marked products). Tricam's allegations of Little Giant's "conduct" could support an inference that Little Giant may have mistakenly believed that its Rapid Lock ladders are covered by the '416 Patent. *See Clontech*, 406 F.3d at 1353 (stating that false marking claims require showing that "the party accused of false marking did not have a reasonable belief that the articles were properly marked (i.e., covered by a patent."); *Simonian*, 2010 WL 2523211, at *4 ("[T]he mere fact of mismarking a product does not necessarily show knowledge or intent.").

Moreover, in the November 6, 2020 letter, while Tricam expressed its view that the '416 Patent is only directed to Little Giant's multi-position ladders that use the Rock Lock, (Countercl. ¶ 129; First Miller Decl., Ex. A at 3), it did not explain the basis for its position, but simply explained why it believed that its own multi-position ladders do not infringe the '416 Patent.  (*See* First Miller Decl., Ex. A at 1–2.)

In sum, even assuming that the '416 Patent does not apply to the Rapid Lock multi-position ladders, as Tricam alleges, Tricam has not alleged facts concerning Little Giant's conduct that give rise to a strong inference that Little Giant held no reasonable basis for believing that the '416 Patent applied to its Rapid Lock ladders, yet it marked them as patented in an attempt to deceive the public.  *Clontech*, 406 F.3d at 1353; *see also Dunnigan*, 184 F. Supp. 3d at 740.

### e.  Dismissal

For the reasons stated above, the Court finds that Tricam's false marking allegations fail to plead fraud with particularity and fail to state a claim.  Therefore, Little Giant's Motion to Dismiss is granted in this regard.  Little Giant also urges the Court to dismiss Tricam's false marking counterclaim with prejudice, arguing that any amendments would be futile.  (Pl.'s Mem. at 10; Reply at 7.)  Because it is possible that discovery may inform the question of deceptive intent, the Court denies this aspect of Little Giant's motion, and dismisses Counterclaim III without prejudice.

### D.  False Advertising Based on False Patent Marking (Count IV)

The Lanham Act protects against false advertising and unfair trade practices by prohibiting the use of false or misleading statements in commerce.  15 U.S.C. § 1125(a).

Tricam alleges that Little Giant's advertising and marketing statements that its Rapid Lock multi-position ladders are covered by the '416 Patent "mispresent the nature and quality of the [ladders] to the consuming public" and are "literally false and misleading."  (Countercl. ¶¶ 185–86.)  Moreover, Tricam asserts that such statements are materially deceptive, and are likely "designed to influence the purchasing decisions" of consumers.  (*Id*. ¶ 187.)  As such, Tricam alleges that Little Giant's conduct violates the false advertising provisions of 15 U.S.C. § 1125(a).

> The elements of a false advertising claim under the Lanham Act are:
>
> (1) a false statement of fact by the [counter] defendant in a commercial advertisement about its own or another's product; (2) the statement actually deceived or has the tendency to deceive a substantial segment of its audience; (3) the deception is material, in that it is likely to influence the purchasing decision; (4) the [counter] defendant caused its false statement to enter interstate commerce; and (5) the [counter] plaintiff has been or is likely to be injured as a result of the false statement, either by direct diversion of sales from itself to [counter] defendant or by a loss of goodwill associated with its products.

*Buetow v. A.L.S. Enter., Inc*., 650 F.3d 1178, 1182 (8th Cir. 2011) (citation omitted).

This court has applied Rule 9(b)'s particularity requirement to claims of false advertising arising under state and federal law.  *McQueen v. Yamaha Motor Corp., U.S.A.*, 488 F. Supp. 3d 848, 855 (D. Minn. 2020) (applying heightened pleading standard to false advertising claims arising under Indiana Deceptive Consumer Sales Act); *Podpeskar v. Makita U.S.A. Inc.*, 247 F. Supp.3d 1001, 1010 (D. Minn. 2017) (applying Rule 9(b) to false advertising allegations under the Minnesota Unlawful Trade Practices Act and the Minnesota False Statements in Advertising Act); *Select Comfort Corp. v. Sleep Better Store, LLC*, 796 F. Supp. 2d 981, 983 (D. Minn. 2011) (requiring false advertising claims

alleged under the Lanham Act and state law to meet Rule 9(b)'s particularity requirements); *cf. Axcan Scandipharm Inc. v. Ethex Corp.*, No. 07–cv–2556 (RHK/JSM), 585 F. Supp. 2d 1067, 1084 (D. Minn. 2007) (recognizing a split of authority as to the application of Rule 9 in Lanham Act claims and, assuming heightened requirement applied, finding that false-advertising claim was sufficiently pleaded); *but see Tempur–Pedic Int'l Inc. v. Angel Beds LLC*, 902 F. Supp. 2d 958, 967 (S.D. Tex. 2012) (noting split of authority and concluding that lack of scienter element removed such claims from Rule 9's pleading requirements).

It is true that some courts have not applied the Rule 9(b) standards to more typical Lanham Act false advertising claims.  *See, e.g., Tempur-Pedic*, 902 F. Supp. 2d at 965–67 (alleging that a competitor used the plaintiff's marks to attract customers to the competitor's website).  However, the Court is guided by prior decisions from this District, noted above, and also finds it appropriate to apply 9(b) here because Tricam's false advertising counterclaim is firmly grounded in fraud, as it is based on the same allegations underlying its false marking claim. *See Olin*, 910 F.3d at 1075 (applying Rule 9(b) standard to false representation claims because "[a] claim may sound in fraud even though it is brought under a statute that also prohibits non-fraudulent conduct.").  In fact, in its false advertising claim, Tricam alleges that Little Giant's advertising statements that the Rapid Lock multi-position ladders are covered by the '416 Patent are "deceptive,"  "intentional, willful, and/or deliberate."  (Countercl. ¶¶ 187, 189–90.)

Moreover, as Little Giant notes, in *Zenith Electronics Corp. v. Exzec, Inc.*, 182 Fed. 3d 1340, 1353–54 (Fed. Cir. 1999), the Federal Circuit considered the intersection of the Patent Act—which permits patent holders to give public notice of their patent rights—and

the Lanham Act—which prohibits false advertising. The court in *Zenith* stated that before a patentee may be held liable for unfair competition under the Lanham Act for marketplace statements about its patent, it must have made the statements in bad faith. *Id.*; *see also Golan v. Pingel Enter., Inc.*, 310 F.3d 1360, 1371 (Fed. Cir. 2002) ("[P]atentees do not violate the rules of fair competition by making accurate representations, and are allowed to make representations that turn out to be inaccurate provided they make them in good faith.").

For the reasons stated earlier in the analysis of Tricam's false marking counterclaim, the Court finds that Tricam's false advertising allegations, including its allegations of deception and bad faith, fail to meet Rule 9(b)'s heightened pleading requirements, and fail to satisfy Rule 12(b)(6).[4] *See Kemin Foods, L.C. v. Pigmentos Vegetales Del Centro S.A. de C.V.*, 464 F.3d 1339 (Fed. Cir. 2006) (noting that failure to demonstrate deceptive intent for false marking "or derivatively, to form the basis for an antitrust Lanham Act claim" results in no liability).

Little Giant's motion to dismiss is therefore granted in this regard. As with Tricam's false marking claim, however, because discovery may inform the question of deceptive intent, dismissal of Tricam's false advertising claim is without prejudice.

---

[4]    The Court notes that the parties also applied the same analysis of Tricam's false marking counterclaim to its Lanham Act false advertising claim, incorporating their respective prior arguments. (*See* Pl.'s Mem. at 15–16; Def.'s Opp'n at 37.)

### III.    CONCLUSION

Based on the submissions and the entire file and proceedings herein, **IT IS**

**HEREBY ORDERED** that

1.    Plaintiff's Motion to Dismiss Defendant's Counterclaims III and IV [Doc. No. 34] is **GRANTED** in part, in that these claims are dismissed, and **DENIED** in part, in that these claims are dismissed without prejudice; and

2.    Defendant's Counterclaims III and IV are **DISMISSED WITHOUT PREJUDICE**.

Dated: August 16, 2021                                   s/Susan Richard Nelson
                                                         SUSAN RICHARD NELSON
                                                         United States District Judge