## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

LITTLE GIANT LADDER SYSTEMS, LLC, a Utah company,

      Plaintiff,

v.

TRICAM INDUSTRIES, INC., a Minnesota corporation,

      Defendant.

Case No. 20-cv-2497 (KMM/ECW)

**ORDER**

This matter is before the Court upon the parties' Joint Motion Regarding Continued Sealing (Dkt. 108) pursuant to Local Rule 5.6(d) concerning documents filed under seal in conjunction with Plaintiff's Motion to Compel and Motion to Modify Scheduling Order (Dkt. 92) and the parties' Joint Motion Regarding Continued Sealing (Dkt. 125) pursuant to Local Rule 5.6(d) regarding the continued sealing of this Court 's September 23, 2022 Order (Dkt. 120) on Plaintiff's Motion, which the Court filed under temporary seal.

The parties agree that Docket Entries 97, 97-2, 97-12,[1] 104, and 104-5 should be unsealed. As such, these documents will be unsealed in accordance with the Local Rules.

With respect to Docket Entries 94, 97-1, 97-3, 97-4, 97-5, 97-6, 97-7, 97-8, 97-9, 97-10, 97-11, 101, 104-1, 104-2, 104-3, 104-4, and 105 the parties agree to the continued sealing of these documents based on claims that they contain Defendant's highly sensitive competitive financial, development, design, and/or manufacturing information.

---

[1] While the parties referred to a Docket Entry 97-22 dealing with a privilege log in their Motion, the correct docket entry is 97-12.

As to this Court's September 23, 2022 Order (Dkt. 120), Tricam argues that the unredacted version of the Order should remain sealed to the extent it contains references to information and documents discussed herein that should remain sealed, and has proposed that an unredacted version of the Order at Docket Entry 124 be made available publicly.  Little Giant does not object to Tricam's redactions and agrees that the document containing Tricam's redactions at Docket Entry 124 should be unsealed.

Based on these representations and the Court's review of the documents, the Court concludes that the need to maintain the information in above entries under seal outweighs the public's right of access.  *See* Fed. R. Civ P. 5.1; L. R. D. Minn. 5.6(d) *advisory committee's note*; *IDT Corp. v. eBay*, 709 F.3d 1220, 1224 (8th Cir. 2013).  However, given that these documents and the Court's Order were filed in conjunction with a non-dispositive motion, the Court emphasizes that this decision is not determinative as to whether this information will remain sealed in the future to the extent that it is filed and considered by the Court with respect to future dispositive motions.  *See In re Baycol Prod. Litig.*, No. 08-CV-5758 (MJD/ECW), 2021 WL 1893897, at *4 (D. Minn. May 11, 2021).  To the extent that there is any future disagreement relating to whether a specific docket entry should remain unsealed, the Court expects the parties to conduct a robust meet and confer to attempt to resolve any dispute prior to filing any joint motion for continued sealing.

## ORDER

Based on the motion and the documents filed under seal, as well as all the files, records, and proceedings herein,

**IT IS HEREBY ORDERED** that the parties' Joint Motions Regarding Continuing Sealing (Dkts. 108 and 125) are **GRANTED** as follows:

1.     Docket Entries 97, 97-2, 97-12, 104, and 104-5 will be **UNSEALED** in accordance with the Local Rules.

2.     Docket Entries 94, 97-1, 97-3, 97-4, 97-5, 97-6, 97-7, 97-8, 97-9, 97-10, 97-11, 101, 104-1, 104-2, 104-3, 104-4, 105, and 120 will remain **SEALED**.

3.     Docket Entry 124, the redacted version of this Court's September 23, 2022 Order, will be **UNSEALED** in accordance with the Local Rules.

DATED: November 7, 2022                    *s/Elizabeth Cowan Wright*
                                          ELIZABETH COWAN WRIGHT
                                          United States Magistrate Judge