UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Little Giant Ladders Systems, LLC, | No. 20-cv-2497 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Tricam Industries, Inc., | |
| Defendant. | |

The matter is before the Court on Plaintiff Little Giant Ladder System, LLC's appeal from the March 24, 2023 Order of United States Magistrate Judge Elizabeth Cowan Wright denying Little Giant's Motion to Strike Defendant Tricam Industries, Inc.'s Invalidity Contentions.[1] The applicable standard of review is "extremely deferential," and the Order will be reversed only where it is "clearly erroneous or contrary to law." *Scott v. United States*, 552 F. Supp. 2d 917, 919 (D. Minn. 2008); Fed. R. Civ. P. 72(a); L.R. 72.2(a)(3). Clear error exists when, on the entire record, the reviewing court has "the definite and firm conviction that a mistake has been committed,"

---

[1] Pl.'s Objection, Doc. 157; March 24th Order, Doc. 156; Def's Resp., Doc. 158. Although the Court does not believe that either side intended any disrespect in doing so, the Court notes that the parties referred to Judge Wright as "Magistrate Wright" and "the Magistrate" in the Objection and the Response. In 1990, after many years of debate, Congress changed the official title of "United States magistrate" to "United States magistrate judge." Federal Courts Study Committee Implementation Act of 1990, Pub. L. No. 101-650, § 321 (1990), codified as 28 U.S.C. § 631. The title reflects and emphasizes the judicial role played by magistrate judges, and parties ought not dispense with it when referring to the official whose decision is at issue, even if doing so might make it more difficult to fit within word-count limitations imposed by Local Rule.

and the decision is contrary to law when it "fails to apply or misapplies relevant statutes, case law or rules of procedure." *Wells Fargo & Co. v. United States*, 750 F. Supp. 2d 1049, 1050 (D. Minn. 2010).

The March 24, 2023 Order denying Little Giant's motion to strike is not clearly erroneous and does not misapply the law. Contrary to Little Giant's position that the Order suffers from clear error,[2] Judge Wright carefully and thoroughly reviewed the evidence concerning Tricam's prior art references to Krause and KR '389, and properly distinguished the relevant context for those references from other invalidity contentions that were also raised using contingent language. [Mar. 24th Order at 28–32, 47–53.] Nothing in Little Giant's Objection suggests that the "account of the evidence" in the March 24th Order was implausible "in light of the record viewed in its entirety." *Shank v. Carleton College*, 329 F.R.D. 610, 613 (D. Minn. 2019).

Similarly, the Court is not persuaded by Little Giant's contention that the March 24th Order improperly shifted the burden to Little Giant to justify striking the prior art defenses when it, instead, should have placed the burden on Tricam to seek leave to amend its prior art contentions.[3] Judge Wright properly placed the burden on Little Giant as the party seeking to strike Tricam's prior art defenses. [March 24th Order at 20 ("As the party moving to strike an expert report, Little Giant bears the burden of showing that a violation of the scheduling order has occurred.").]

---

[2] Pl's Objection at 11–13.

[3] Pl's Objection at 9–11.

For these reasons, Little Giant's Objection [Doc. 157] is **OVERRULED** and the March 24th Order denying its Motion to Strike Invalidity Theories [Doc. 156] is **AFFIRMED**.

Date: May 1, 2023

                                                  *s/Katherine Menendez*
                                                  Katherine Menendez
                                                  United States District Judge