UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Little Giant Ladder Systems, LLC, | No. 20-cv-2497 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Tricam Industries, Inc., | |
| Defendant. | |

Plaintiff Little Giant Ladder Systems, LLC seeks permission to exceed the word-count limitations imposed by the District of Minnesota's Local Rules when it files its reply memorandum in support of its motion for summary judgment. [Dkt. 197.] Little Giant filed a motion seeking summary judgment against Defendant Tricam Industries, Inc. on the issues of infringement and Tricam's invalidity defenses. [Dkt. 164.] In support of the motion, Little Giant filed two briefs, one addressing infringement and the other invalidity. [Dkt. 166, 178.] Pursuant to D. Minn. Local Rule 7.1(f), Little Giant certified that, when combined, its memoranda totaled 11,449 words, which did not exceed the 12,000 word limit. [Dkt. 179.] Because this leaves Little Giant with only 551 words for its reply memorandum, Little Giant asks the Court for permission to file a reply that does not exceed 3,000 words. [Dkt. 197.] Granting the request would, therefore, result in a

roughly 2,500-word extension of the 12,000-word limit. Tricam opposes the request.[1] [Dkt. 198.]

This Court frequently receives requests to exceed the word-count limits. That is especially true in complex cases like this patent-infringement suit where the parties' disagreements can be legion, the records dense, and the governing law nuanced or even byzantine. The 12,000-word limit that suffices for briefing on most motions is sometimes just not enough for parties to address all the issues that ought to be raised. But based on the record here, for at least two reasons Little Giant's request is denied.

First, Little Giant delayed submitting its request until after Tricam filed its opposition memorandum without justification. Little Giant approached Tricam in early June, more than two months before it filed opening memoranda, proposing that the parties seek a joint 3,000-word or 5,000-word extension for Little Giant's motion. Tricam refused. [Dkt. 198-1 at 2; Dkt. 197-1 at 2.] Little Giant knew then that it was going to be drafting a brief addressing a large "volume of issues" [Dkt. 198-1 at 2], but it did not come forward and ask the Court for an extension. Little Giant filed its two briefs totaling

---

[1] Tricam suggests that Little Giant has already exceeded the 12,000-word limit without obtaining the Court's permission by including in its brief an "Index of Exhibits" and failing to count the words in that index against its allotment. [Dkt. 198 at 1; Dkt. 197-1 at 2.] Local Rule 7.1(f) states that captions, tables of contents, tables of authorities, signature-block text, and certificates of compliance do not count toward the word-count limit. D. Minn. LR 7.1(f)(1)(C). An "Index of Exhibits" is not among these expressly exempt categories, so a party takes some risk in arrogating to itself the authority to decide that such an aid doesn't count against the word limitations. However, the Court will not adopt an overly formalistic application of Local Rule 7.1(f)(1)(C) under these circumstances and will treat Little Giant's briefing as having only used 11,449 words to this point.

nearly 11,500 words on June 26th, and it did not raise the issue again until just over a week before its reply was due, and after Tricam had already submitted its response according to Local Rule 7.1(f)'s 12,000-word limit. Little Giant now contends that it "concluded an opposed request made before any briefing would be speculative, and that the Court would prefer such a request be made after Little Giant had seen Tricam's opposition brief and knew it needed additional words." [Dkt. 197 at 2.] Frankly, this justification is unpersuasive.

In this Court's experience, whether opposed or agreed, parties frequently seek extensions of the word-count limits prior to filing even an opening memorandum because they are very familiar with the evidence in the record, they know the arguments the parties are likely to raise, and they anticipate the issues they will need to brief. When parties make such a request, they explain their justification and explain that they will need extra words because they intend to file a reply. Indeed, the Court has yet to see summary judgment briefing in sophisticated litigation like this case that had no reply. Nothing about such a request is speculative; it is instead routine. Although Little Giant suggests that something about submitting a request over Tricam's opposition would have rendered it speculative, Little Giant already knew in early June that it wanted 3,000 or 5,000 more words when it approached Tricam seeking agreement on the issue. The fact that a request by Little Giant might have been opposed would not have made it any more or less "speculative" than if Tricam had agreed to it. The fact is, Little Giant knew all along it was going to want to file briefs exceeding the 12,000-word limit. It knew Tricam

did not agree to an extension, it filed a nearly 12,000-word set of briefs anyway, and then claimed it needed more words to address the issues in a reply.

Second, denying Little Giant's request will not deprive it of an opportunity to make its case. This matter is scheduled for a hearing on the parties' cross-motions for summary judgment and for exclusion of expert testimony on October 12, 2023. [Dkt. 168.] If there are key points in Tricam's opposition that Little Giant's opening memorandum did not have an opportunity to address, Little Giant will get the opportunity to respond at oral argument. For example, Little Giant can use the hearing to clarify any point of law argued by Tricam with which it disagrees. Or Little Giant can explain, in its view, why Tricam's reliance on evidence fails to demonstrate a triable issue. And *if*, after reviewing all the briefing and listening to the parties' arguments, the Court determines that additional briefing may be necessary to resolve a particular issue raised in the context of Little Giant's motion for summary judgment, the Court may request post-hearing memoranda on specific issues. But given the substantial amount of briefing and exhibits that Little Giant has already submitted, the Court cannot conclude that fairness requires that Little Giant—and Little Giant alone given the timing of the request—needs more words to present its case.

For these reasons, Little Giant's letter request for a word-count extension [Dkt. 197] is **denied**.

Date: August 24, 2023

      *s/Katherine Menendez*
      Katherine Menendez
      United States District Judge