# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Little Giant Ladder Systems, LLC, | No. 20-cv-2497 (KMM/ECW) |
| Plaintiff, | |
| v. | **ORDER** |
| Tricam Industries, Inc., | |
| Defendant. | |

This matter is before the Court on the parties' competing proposals concerning the appropriate disposition of Defendant Tricam Industries, Inc.'s counterclaim seeking a declaration of invalidity of United States Patent No. 10,767,416 (the '416 patent). Plaintiff Little Giant Ladder Systems, LLC argues that the Court should dismiss Tricam's invalidity counterclaim without prejudice so that a final judgment can be entered in this case without further delay. Pl.'s Letter (Doc. 216). Tricam asserts that the Court should address the merits of its invalidity counterclaim now based on Little Giant's recent conduct concerning a newly issued patent within the same patent family. Def.'s Letter (Doc. 217). For the reasons that follow, the Court dismisses Tricam's invalidity counterclaim without prejudice.

On March 28, 2024, the Court entered an Order denying Little Giant's motion for summary judgment and granting Tricam's motion for summary judgment. The Court found that no reasonable jury could conclude that Tricam's accused ladders have the "cavity" limitation found in the '416 patent's sole independent claim. Based on that finding of non-

infringement, the Court stated that the issues of invalidity the parties had raised in their motions were rendered "moot." Summ. J. Order 48–49 (Doc. 208). The Clerk of Court entered judgement consistent with the March 28th Order.

The parties jointly notified the Court that the non-infringement ruling did not, in fact, moot Tricam's invalidity counterclaim. Joint Letter (citing *Cardinal Chemical Co. v. Morton International, Inc.*, 508 U.S. 83, 98 (1993); *Fort James Corp. v. Solo Cup Co.*, 412 F.3d 1340, 1348–49 (Fed. Cir. 2005)) (Doc. 210). As a result, the Court issued an Order vacating the Judgment and set a status conference. (Doc. 213, 214). During the status conference, the Court and the parties discussed whether it would be appropriate for the Court to decline to exercise its jurisdiction and dismiss the invalidity counterclaim without prejudice. In particular, the Court directed the parties' attention to the Federal Circuit's decisions in *SSI Technologies, LLC v. Dongguan Zhengyang Electronic Mechanical Ltd.*, 59 F.4th 1328 (Fed. Cir. 2023) and *AstraZeneca LP v. Breath Ltd.*, 542 Fed. App'x 971 (Fed. Cir. 2013). The Court instructed the parties to file letter briefs setting forth their respective positions on what should be done with the invalidity counterclaim if they were unable to reach an agreement. Minute Entry (Doc. 215).

Tricam brings its invalidity counterclaim under the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.[1] Generally, district courts have discretion to decline to exercise jurisdiction over claims brought under the Declaratory Judgment Act. *WMC Mortg., LLC v. J.P. Morgan Mortg. Acquisition Tr. 2006-WMC4*, No. 12-cv-3146

---

[1] Countercl. ¶ 5 (Doc. 17).

(DWF/AJB), 2013 WL 3808004, at *3 (D. Minn. July 22, 2013) ("District courts 'possess discretion in determining whether and when to entertain an action under the Declaratory Judgment Act, even when the suit otherwise satisfies subject matter jurisdictional prerequisites.'") (quoting *Wilton v. Seven Falls Co.,* 515 U.S. 277, 282 (1995)). This includes discretionary authority to decline to exercise jurisdiction over an accused infringer's invalidity counterclaim in patent cases. *SSI Techs.*, 59 F.4th at 1338–39. Indeed, the Federal Circuit has "repeatedly held that a district court 'faced with an invalidity counterclaim challenging a patent that it concludes was not infringed may either hear the claim or dismiss it without prejudice.'" *Id.* (quoting *Liquid Dynamics Corp. v. Vaughan Co.*, 355 F.3d 1361, 1371 (Fed. Cir. 2004), and citing *Flexuspine, Inc. v. Globus Med. Inc.*, 879 F.3d 1369, 1376 (Fed. Cir. 2018); *Phonometrics, Inc. v. N. Telecom Inc.*, 133 F.3d 1459, 1468 (Fed. Cir. 1998); *Nystrom v. TREX Co.*, 339 F.3d 1347, 1351 & n.* (Fed. Cir. 2003); *Benitec Australia, Ltd. v. Nucleonics, Inc.*, 495 F.3d 1340, 1353 & n.4 (Fed. Cir. 2007) (Dyk, J., dissenting); *AstraZeneca LP*, 542 Fed. App'x at 981–82).

District courts should exercise their discretion "consistent with the purposes of the Declaratory Judgment Act and considerations of wise judicial administration." *AstraZeneca*, 542 Fed. App'x at 981 (quotation omitted). A court should provide "well-founded reasons for declining to entertain a declaratory judgment action." *Id.* (quoting

3

*Capo, Inc. v. Dioptics Med. Prods., Inc.*, 387 F.3d 1352, 1355 (Fed. Cir. 2004)).[2] It is a "sufficient reason to decline jurisdiction" where the accused infringer fails to "show[] how a judgment of invalidity would provide any additional benefit" following a determination of non-infringement that "firmly and clearly resolves the case[.]" *Id.* (internal quotation marks). The Federal Circuit has also indicated that a court's "discretion to dismiss invalidity counterclaims at later stages in the proceedings may be more limited" than it is when a district court "grants summary judgment of noninfringement." *Flexuspine, Inc.*, 879 F.3d at 1376.

Tricam argues that adjudication of its invalidity counterclaim now will provide Tricam with additional benefit because Little Giant has obtained a new patent—United States Patent No. 11,788,351 (the "'351 patent")—and informed Tricam that it believes Trimcam's ladders are infringing that new patent. The ladders alleged to be infringing the new patent are the same Tricam ladders that are at issue in this case. Tricam points out that Little Giant drafted some claims in the '351 patent specifically to get around certain arguments Tricam raised in this litigation regarding the '416 patent—substituting the claimed "cavity" in the '416 patent with a "recess" limitation in the '351 patent. But the '351 patent still includes the same "at least one retaining mechanism" language that is

---

[2] In practice, courts need not provide lengthy explanations of their reasoning. *E.g.*, *Thought, Inc. v. Oracle Corp.*, No. 12-cv-5601-WHO, 2016 WL 3230696, at *14 (N.D. Cal. June 13, 2016) (dismissing invalidity counterclaim sua sponte because "the non-infringement judgment resolves this case and appears to extinguish any threat of future enforcement of the claims or litigation against Oracle."); *SSI Techs., LLC v. Dongguan Zhengyang Elec. Mech. LTD*, 559 F. Supp. 3d 821, 835 (W.D. Wis. 2021) ("Nothing in DZEM's complaint or any of the parties' briefing suggests that DZEM faces any risk of future prosecution under either of the patents-in-suit, so there is no need for the court to determine whether the patents are invalid."), *aff'd in relevant part,* 59 F.4th 1328 (Fed. Cir. 2023).

found in the '416 patent, and that retaining-mechanism limitation is the subject of several of Tricam's invalidity arguments in this case.[3] Therefore, according to Tricam, a ruling in this case that the '416 patent is invalid will preclude Little Giant from relitigating the issue of invalidity in its threatened infringement action under the '351 patent.

Although the Court appreciates Tricam's interest in obtaining a ruling on invalidity, the Court finds that considerations of wise judicial administration weigh in favor of declining to exercise jurisdiction over the declaratory invalidity counterclaim. As discussed, the Court has found that Tricam is entitled to judgment in its favor on the issue of infringement. Tricam has not identified any current threat of liability arising from the patent-in-suit *in this case*, aside from the possibility of an appeal of the Court's non-infringement ruling. Instead, Tricam has argued that the Court should rule on an invalidity claim that may have benefit to it in a future, hypothetical suit regarding a patent that is not at issue in this case. Tricam has not cited, and this Court's own research has not located, a case in which a Court has exercised discretionary jurisdiction over a declaratory invalidity counterclaim based on that type of possible future benefit regarding a patent that is not a patent-in-suit. Moreover, the parties do not even agree on whether a determination of invalidity of the '416 patent in this case would have preclusive effect on any future

---

[3] In its summary judgment briefing, Tricam argues that a prior art reference—U.S. Patent No. 6,220,389 ("Krause")—anticipates the '416 patent because it discloses the "at least one retaining mechanism" limitation. Def.'s Summ. J. Mem. 23–26 (Doc. 169). In addition, Tricam raised arguments concerning lack of written description, lack of enablement, and indefiniteness defenses all relating to the retaining-mechanism limitation (including the "detent," which is the structure that corresponds to that means-plus-function term) in its briefing. Def.'s Summ. J. Opp'n 27–40 (Doc. 188).

litigation involving the '351 patent. *Compare* Pl.'s Letter 3–4 n.2 (suggesting that a finding of invalidity would be "persuasive" or "advisory" with regard to future suits on a different patent) *with* Def.'s Letter 2 (arguing that collateral estoppel would bar relitigation of the invalidity issues in a future suit over the '351 patent). Therefore, it is uncertain at best that any invalidity judgment in this case would give Tricam the additional benefit it argues would be obtained by addressing the counterclaim now, and the Court will not offer an advisory opinion on that issue.

Relying on *Cardinal Chemical Co.*, Tricam also argues that the Court should decide the invalidity issues now because failing to do so will permit Little Giant to threaten improper monopoly rights based on a patent that Tricam believes is invalid. Def.'s Letter at 2–3 (citing *Cardinal Chem. Co.*, 508 U.S. at 100–01). In *Cardinal Chemical Co.*, the Supreme Court held that the Federal Circuit's prior uniform practice of declaring any already-issued judgment of invalidity moot whenever it affirmed a district court judgment of non-infringement was erroneous because there still existed an actual case or controversy. 508 U.S. 96–98. But even the *Cardinal Chemical Co.* Court recognized that it was addressing a separate question from a district court's discretion to decline to exercise discretion over claims for a declaratory judgment. *Id.* at 95 & n.17 ("As we have noted, the Declaratory Judgment Act affords the district court some discretion in determining whether or not to exercise that jurisdiction, even when it has been established."). And in the three decades since *Cardinal Chemical Co.* was decided, district courts have routinely dismissed invalidity counterclaims without prejudice under circumstances like those present here. *E.g.*, *PayRange, Inc. v. KioSoft Techs., LLC*, No. 1:20-cv-20970-LFL, 2023 WL 6310230,

at *3 (S.D. Fla. June 27, 2023) (dismissing invalidity counterclaims without prejudice because "the anticipated benefit of exercising jurisdiction over the invalidity counterclaims [appeared] hypothetical").

Ultimately, the Court finds that declining to exercise its jurisdiction over the invalidity counterclaim serves the interests of judicial economy. True, if Little Giant appeals the finding of non-infringement and prevails, there is a possibility that this case could be remanded for further proceedings. That might result in additional litigation in this Court and, potentially, the Court might have to address invalidity at that time. However, it is neither certain that Little Giant will appeal; nor that it would prevail; nor that, in the event both of those things occur, the parties wouldn't find a way to resolve their differences around the '416 patent rather than continue this litigation. But in the event the case were to return to this Court after a successful appeal of the non-infringement ruling, the parties and the Court would not be forced to return to square one. Rather, we would have the benefit of the work the parties have already performed in this litigation regarding the invalidity issues.

On the other hand, it is equally true that, like appellate courts, trial courts have limited resources, and this Court is no different. This Court has made a finding of non-infringement in Tricam's favor that fully resolves that key aspect of this dispute. As a result, resolving all the invalidity issues at this stage could be a waste of the Court's resources as it would need to address a dense set of competing briefs on the issues of written description, lack of enablement, indefiniteness, anticipation, and obviousness. This is especially true where, as here, the issues of invalidity are numerous, far from clear, and

Tricam hasn't persuaded the Court that there is any additional benefit to obtaining a finding of invalidity based on a threat of future litigation concerning the patent at issue in this suit. *See Eugene Baratto, Textures, LLC v. Brushstrokes Fine Art, Inc.*, 701 F. Supp. 2d 1068, 1083 (W.D. Wis. 2010) ("Because I am granting summary judgment for Brushstrokes on the core issue of non-infringement on clear grounds and *because Brushstrokes's counterclaim for invalidity is less certain*, I am exercising my discretion and dismissing without prejudice Brushstrokes's invalidity counterclaim.") (emphasis added).

Accordingly, in the Court's discretion, it declines to exercise jurisdiction over Tricam's invalidity counterclaim and dismisses that counterclaim without prejudice. Further, as set forth below, the Court modifies its March 28th Summary Judgment Order and directs the Clerk of Court to enter judgment.

## ORDER

For the reasons set forth above, **IT IS HEREBY ORDERED THAT**

1. The Court's March 28, 2024 Order (Doc. 208) on the parties' motions for summary judgment and to exclude expert testimony is modified as set forth below.

2. Plaintiff's Motion for Summary Judgment (Doc. 164) is **DENIED**. The Court denies Plaintiff's motion on the merits to the extent Plaintiff argues that it is entitled to judgment as a matter of law on the issues of whether the Accused Ladders infringe the cavity limitation in the '416 patent literally or under the doctrine of equivalents. The Court does not address Plaintiff's arguments concerning invalidity issues based on its decision to decline to exercise jurisdiction over Defendant's invalidity counterclaim.

3. Defendant's Motion for Summary Judgment (Doc. 167) is **GRANTED** because no reasonable jury could conclude that the Accused Ladders literally infringe the cavity limitation in the '416 patent and amendment-based estoppel precludes Plaintiff from relying on the doctrine of equivalents to prove infringement of this limitation. The Court does not address

    Defendant's arguments concerning invalidity issues based on its decision to decline to exercise jurisdiction over Defendant's invalidity counterclaim.

4. Defendant's Motion to Exclude Expert Testimony of Fred Smith (Doc. 171) is **GRANTED IN PART**. The Court excludes Mr. Smith's opinions concerning infringement of the cavity limitation because Mr. Smith failed to apply the Court's claim construction.

5. Defendant's counterclaim seeking a declaratory judgment that the '416 patent is invalid is **DISMISSED WITHOUT PREJUDICE** in the Court's discretion.

**Let Judgment be entered accordingly.**

Date: June 14, 2024                                 *s/Katherine Menendez*
                                                    Katherine Menendez
                                                    United States District Judge